# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

JEFFREY LEN WRIGHT,
    Petitioner,

vs.

ALAN LAZAROFF,
WARDEN,
    Respondent.

Civil Action No. 1:07-cv-1022

Barrett, J.
Hogan, M.J.

**REPORT AND
RECOMMENDATION**

Petitioner, a state prisoner, brings this case *pro se* seeking a Writ of Habeas Corpus

pursuant to 28 U.S.C. § 2254. This matter is before the Court on the petition (Doc. 3),

respondent's return of writ and exhibits thereto (Doc. 27), and petitioner's traverse. (Doc. 41).

## FACTS AND PROCEDURAL HISTORY

This case involves the following facts and proceedings before the trial court, as

summarized by the Twelfth District Ohio Court of Appeals:[1]

{¶ 2} On December 3, 2003, appellant visited the home of Anna Cmehil, who was
89 years old. After testing Cmehil's hearing and taking impressions of her ears,
the two agreed that Cmehil would purchase from appellant a hearing aid for the
price of $1,500. Cmehil wrote a check, payable to appellant, in the amount of
$750 as partial payment. Appellant unexpectedly returned to Cmehil's home the
following day, and told her that he needed to make a new impression of her ear.
Cmehil asked for a discounted purchase price, and appellant agreed to lower the
price to $1,125 if Cmehil paid the balance that day. Cmehil agreed and wrote
another check to appellant in the amount of $375. Cmehil never received a
hearing aid from appellant, despite trying to reach him by telephone on several
occasions.

{¶ 3} On December 12, 2003, appellant visited the home of Walter and Jeanne
Engleman, who were 83 and 81 years old respectively. After testing Walter's

---

[1] The factual findings of the state appellate court are entitled to a presumption of correctness in the absence
of clear and convincing evidence to the contrary. 28 U.S.C. § 2254(e)(1); *see McAdoo v. Elo*, 365 F.3d 487, 493-94
(6th Cir. 2004).

hearing and taking impressions of his ears, they agreed that the Englemans would purchase from appellant hearing aids for the price of $3,000. Jeanne wrote a check to appellant for $1,000, and appellant promised to deliver the hearing aids in two weeks. Appellant returned to their home the next day, and told Walter that he needed more money for the deposit on the order. Walter gave him an additional $50 in cash. A few days later, Jeanne asked appellant for a refund, completed and sent to appellant a written cancellation of the contract, and called him to tell him she was canceling the contract. The Englemans did not receive the hearing aids or a refund.

{¶ 4} On December 15, 2003, appellant visited the home of Nellie McQueary, who was 90 years old. After testing McQueary's hearing and taking an impression of her ear, the two agreed that McQueary would purchase from appellant a hearing aid for the price of $1,500. McQueary wrote appellant a check for $100. The next day, McQueary attempted to reach appellant by telephone so that she could cancel the order. However, McQueary never heard from appellant, and did not receive a hearing aid or a refund.

{¶ 5} On December 23, 2003, appellant visited the home of Leroy Turner, who was 88 years old. After testing Turner's hearing and taking impressions of his ears, the two agreed that Turner would purchase from appellant hearing aids for the price of $4,000. Turner wrote appellant a check for $2,000, but three days later told appellant he wanted to cancel the contract. Appellant agreed to lower the purchase price to $3,000 if Turner paid the balance of the purchase price that day. Turner agreed, and wrote appellant a check for $1,000. On December 29, 2003 appellant returned to Turner's home and asked Turner for an additional $900. Turner eventually wrote appellant a check for $300, and appellant promised Turner that he would supply him with hearing aid batteries and that he would deliver the hearing aids the following day. However, Turner never received the hearing aids or a refund.

{¶ 6} On January 14, 2004, a grand jury indicted appellant on eight counts of theft from an elderly person in violation of R.C. 2913.02(A)(3) and (B)(3) ("Indictment No. 04CR0022").[2] On May 19, 2004, a grand jury indicted appellant on four counts of engaging in hearing aid business without license in violation of R.C. 4747.02 ("Indictment No. 04CR00391"). The parties agreed to consolidate the two cases for purposes of trial. After a bench trial, the trial court found appellant guilty on seven of the eight theft counts in Indictment No. 04CR0022 and all four counts in Indictment No. 04CR00391. The trial court sentenced appellant to 12 months for counts 1, 2, 5, and 7 and 11 months for counts 3, 6, and 8 of Indictment No. 04CR0022, with all sentences to be served consecutively. The

---

[2] The State dismissed Count 4 of the theft indictment. (Doc. 27, Exh. 70, Tr. Vol. 1, p.15; Exh. 5 at 2).

court sentenced appellant to 90 days for each count of Indictment No. 04CR00391, with the sentences to be served concurrently with the sentences for the theft offenses. . . .

*State v. Wright*, No. CA2004-08-061, 2005 WL 1799296, at *1 -2 (Ohio App. 12th Dist. Aug. 1, 2005). *See also* Doc. 27, Exhs. 1, 3, 4, 5, 8, 9, 10, 11.

### Direct Appeal

Petitioner, through new counsel, filed a notice of appeal in the Twelfth District Court of Appeals and raised the following assignments of error in his merits brief:

> 1. The trial court erred to the prejudice of defendant-appellant in failing to dismiss the felony cases against him, on the basis that the State had failed to bring the appellant to trial within speedy trial time limits.
>
> 2. The trial court erred to the prejudice of defendant-appellant in the excessive sentence that was ordered.
>
> 3. The trial court erred to the prejudice of defendant-appellant in failing to recognize that the state was required to pursue remedies against the appellant in accordance with RC 4747.02, et. seq.

(Doc. 27, Exh. 12). The State filed a response. (Doc. 27, Exh. 13). On August 1, 2005, the Court of Appeals affirmed the judgment of the trial court overruling each of petitioner's assignments of error. (Doc. 27, Exh. 14, Case No. C-060318).

On August 15, 2005, petitioner filed a pro se motion for reconsideration pursuant to Ohio App. Rule 26(A). (Doc. 27, Exh. 15). Although initially denying the application as untimely, the Ohio Court of Appeals later reconsidered and denied petitioner's motion on the merits. (Doc. 27, Exhs. 16, 17, 18).

Petitioner, through new counsel, filed a timely notice of appeal in the Ohio Supreme Court. (Doc. 27, Exh. 19). Petitioner raised the following proposition of law in his memorandum

in support of jurisdiction:

> 1. The trial court does not have the authority to impose non-minimum, consecutive prison terms on a person convicted of fourth- and fifth-degree felonies in the absence of a finding beyond a reasonable doubt of the factors in R.C. 2929.13(B)(2), 2929.14(E)(4).

(Doc. 27, Exh. 20). The State filed a response. (Doc. 27, Exh. 21). On December 28, 2005, the

Ohio Supreme Court stayed the appeal pending decisions in "Supreme Court Case Nos. 04-1771,

*State v. Quinones*, and 04-1568, *State v. Foster*." (Doc. 27, Exh. 22). On May 3, 2006, the Ohio

Supreme Court reversed the judgment of the Ohio Court of Appeals and remanded petitioner's

case for resentencing consistent with *State v. Foster*, 109 Ohio St.3d 1, 845 N.E.2d 470 (2006).

(Doc. 27, Exh. 23).

## Ohio Appellate Rule 26(B) Application to Reopen Direct Appeal

Petitioner filed a pro se application to reopen the direct appeal on the basis of ineffective

assistance of appellate counsel under Ohio Appellate Rule 26(B) raising the following

assignments of error:

> 1. The Appellant was denied the effective assistance of appellate counsel when appellate counsel failed to challenge and argue the appellant's denial to a complete record on appeal.

> 2. Appellant was denied the effective assistance of appellate counsel when appellate counsel failed to raise the significant and obvious issue of sufficiency of the evidence and weight of the evidence as issues for review on appeal.

> 3. The Appellant was denied the effective assistance of counsel when his appellate counsel failed to assign as error the violations of consecutive sentencing under R.C. 2929.14 through the mandates of R.C. 2953.08 to the substantial prejudice of the appellant in violation of his Fourteenth Amendment rights to Due Process under the United States Constitution.

> 4. Appellant was denied protections of Due Process when his appellate counsel failed to raise issue with the court's sentencing decision to provide jail time credit

4

under separate entry and further failed to protect appellants rights in raising the fact that the court never provided the promised entry allowing jail time credit under separate entry in time for Appellant's appeal of right.

(Doc. 27, Exh. 24). The State filed a response to which petitioner replied. (Doc. 27, Exhs. 25, 26). On January 5, 2006, the Ohio Court of Appeals denied the application to reopen. (Doc. 26).

Petitioner did not file an appeal to the Ohio Supreme Court.

## Post-Conviction Petition in the Trial Court

Meanwhile, on April 4, 2005, petitioner filed a pro se petition to vacate judgment and set aside sentence presenting two claims for relief:

1. Defendant-Petitioner was deprived of his right to a fair trial/appeal in violation of his Sixth Amendment rights.

2. Defendant-Petitioner was deprived of his right to a fair sentencing hearing due to the ineffective assistance of counsel in violation of his Sixth Amendment right.

(Doc. 27, Exh. 30). The Ohio Public Defender filed a notice of appearance for the representation of petitioner for the petition. (Doc. 27, Exh. 31). On August 24, 2005, the trial court found the petition was without merit and denied relief. (Doc. 27, Exh. 32).

## First Federal Habeas Corpus Petition

Petitioner filed a Petition for Writ of Habeas Corpus with the United States District Court of Ohio, Southern District, Eastern Division, on May 10, 2006, setting forth two grounds for relief:

**GROUND ONE**: Petitioner was denied a fair appeal in violation of the Fifth and Fourteenth Amendments and is confined in violation thereof.

**Supporting Facts**: The record of the trial and sentencing proceedings filed in the Clermont County Court of Appeals, contained omissions, inaccuracies and other alterations.

5

**GROUND TWO**: Petitioner is confined in violation of his Sixth Amendment right to the effective assistance of counsel.

**Supporting Facts**: Defense counsel failed to object to Court's use of Pre-sentence Investigation Report during sentencing which erroneously stipulated that Petitioner was on probation at the time of his offenses.

(Doc. 27, Exh. 60). Relying on petitioner's representation that he had not been served with the trial court's order denying him post-conviction relief, the State filed a motion to dismiss the petition to allow petitioner to file an appeal to the Ohio Court of Appeals. (Doc. 27, Exh. 61). Petitioner agreed that dismissal was appropriate on this basis and also so that he could raise claims related to his resentencing. (Doc. 27, Exh. 62). On January 8, 2007, the United States District Court granted the State's motion to dismiss and petitioner's request for dismissal. (Doc. 27, Exh. 63).

## Post-Conviction Petition in the State Courts of Appeal

Meanwhile, and prior to the District Court's decision, petitioner filed a pro se notice of appeal and a motion for leave to file a delayed appeal in the Twelfth District Court of Appeals on July 17, 2006. (Doc. 27, Exhs. 33, 34). The State filed a memorandum in opposition to which petitioner replied. (Doc. 27, Exhs. 35, 36). On August 10, 2006, the Court of Appeals summarily denied petitioner's motion for leave to file delayed appeal. (Doc. 27, Exh. 37).

Petitioner filed a timely pro se appeal to the Supreme Court of Ohio. (Doc. 27, Exh. 38). In his memorandum in support of jurisdiction, petitioner argued that the Ohio Court of Appeals abused its discretion in denying him a delayed appeal. (Doc. 27, Exh. 39). On December 13, 2006, the Supreme Court of Ohio denied petitioner leave to appeal. (Doc. 27, Exh. 40).

## Resentencing

On October 25, 2006, the trial court re-sentenced petitioner to his original sentence. (Doc. 27, Exh. 41). Petitioner filed a notice of appeal and motion for delayed appeal in the Twelfth District Ohio Court of Appeals under Case Nos. 2007CA-037 and 2007CA-038. Both cases were consolidated. (Doc. 27, Exhs. 42-45, 47). The state appellate court granted leave to appeal, noting that the Clermont County Public Defender had been appointed to represent petitioner. (Doc. 27, Exh. 46). Petitioner objected to the appointment of the Clermont County Public Defender's Office and requested appointment of private counsel or the state public defender's office. (Doc. 27, Exh. 48). In June 2007, petitioner filed a pro se motion for leave to file a supplemental brief pursuant to App. R. 16(C). (Doc. 27, Exh. 49). The Court of Appeals denied both motions. (Doc. 27, Exhs. 50, 51). Petitioner, through counsel, raised the following assignments of error in his brief:

1. The trial court erred in finding prison to be consistent with the purposes and principles of sentencing.

2. The trial court erred in sentencing appellant to consecutive prison terms as the record does not support such a sentence.

3. The trial court violated appellant's constitutional rights by imposing a sentence in contravention with the Sixth and Fourteenth Amendments of the U.S. Constitution and the ex post facto clause.

(Doc. 27, Exh. 52). The State filed a response. (Doc. 27, Exh. 53). On March 3, 2008, the Ohio Court of Appeals overruled the assignments of error and affirmed the judgment of the trial court. (Doc. 27, Exh. 54).

Petitioner filed a timely pro se appeal to the Ohio Supreme Court and reasserted the second and third claims from his appellate brief as his propositions of law. (Doc. 27, Exh. 58,

7

59). The Ohio Supreme Court denied leave to appeal on July 9, 2008. (Doc. 27, Exh. 67).

## Second Federal Habeas Corpus Petition

On January 18, 2008, petitioner filed the instant Petition for Writ of Habeas Corpus setting forth 46 grounds for relief. (Doc. 3). This matter is now ripe for review.

## STANDARD OF REVIEW

On federal habeas review, the factual findings of the state appellate court are entitled to a presumption of correctness in the absence of clear and convincing evidence to the contrary. 28 U.S.C. § 2254(e)(1). *See McAdoo v. Elo*, 365 F.3d 487, 493-94 (6th Cir. 2004); *Mitzel v. Tate*, 267 F.3d 524, 530 (6th Cir. 2001). This Court is bound by the state court adjudications unless those decisions are contrary to or an unreasonable application of clearly established federal law. *Franklin v. Francis*, 144 F.3d 429, 433 (6th Cir. 1998).

Under the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104- 132, 110 Stat. 1214 ("AEDPA"), a writ of habeas corpus may not issue with respect to any claim adjudicated on the merits in state court unless the adjudication either:

> 1. resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> 2. resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

The phrases "contrary to" and "unreasonable application" have independent meanings:

> A federal habeas court may issue the writ under the 'contrary to' clause if the state court applies a rule different from the law set forth in . . . [Supreme Court] cases, or if it decides a case differently that we have done on a set of materially indistinguishable facts. The court may grant relief under the 'unreasonable

8

application' clause if the state court correctly identifies the governing legal principle
from . . . [the Supreme Court's] decisions but unreasonably applies it to the facts of
a particular case. The focus on the latter inquiry is whether the state court's
application of clearly established federal law is objectively unreasonable . . . and an
unreasonable application is different from an incorrect one.

*Bell v. Cone*, 535 U.S. 685, 694 (2002)(citation omitted).

However, if a state court does not articulate the reasoning behind its decision or fails to

address the constitutional issues, the federal court must look at the state court's decision and

conduct an independent inquiry into whether the state court reached a decision contrary to clearly

established federal law or based its decision on an unreasonable determination of the facts in

light of the evidence presented. *Schoenberger v. Russell,* 290 F.3d 831, 835 (6th Cir. 2002);

*Harris v. Stovall,* 212 F.3d 940, 943 & n. 1 (6th Cir. 2000), *cert. denied*, 532 U.S. 947 (2001).

The review is not a full *de novo* review of the claims, but is deferential to the state court's

determination. *Id.*

## GROUND ONE: Petitioner was denied and/or deprived of his right to a fair and direct criminal appeal in violation of the Fifth and Fourteenth Amendments to the U.S. Constitution and is confined in violation thereof.

Ground One of the petition asserts that petitioner was denied his right to a fair direct

appeal because the record and transcript contained inaccuracies and alterations. Petitioner asserts

that the omissions from the record and trial transcript include:

–a copy of his 1996 tax return, schedule C, profit or loss from business (Doc. 3 at 7);

–testimony by petitioner that he used an old tax return because it was the only one his
mother could find (Doc. 3 at 7);

–defendant's Exhibit F failed to include test results of an audiogram of defense witness
Woodrow Gillman (Doc. 3 at 9);

–cross-examination testimony from victim Anna Cmehil that she had spoken with

9

petitioner about her late order (even though on direct exam she testified she had trouble contacting him) (Doc. 3 at 9);

–petitioner's rebuttal testimony that he made a phone call to Ms. Cmehil on December 30, 2003 only days before his arrest (to show petitioner was staying in frequent contact with Ms. Cmehil, and to rebut Cmehil's testimony that she "never received a hearing aid from appellant, despite trying to reach him by telephone on several occasions" as set forth in the Ohio Court of Appeals' decision) (Doc. 3 at 9-10);

–testimony from Ms. Cmehil that her son David had also spoken with petitioner (Doc. 3 at 11);

–the transcript at pages 206-207 omits the substance of a sidebar conversation and misidentifies the speakers concerning hearsay testimony given by Detective Lori Saylor who testified about a conversation with petitioner's supplier of hearing aids to the effect that petitioner was aware payment had to accompany the order for Ms. Cmehil's hearing aid and that no payment had been received and therefore the manufacturing of Ms. Cmehil's hearing aid had not begun. (Doc. 3 at 11-12) (Petitioner argues he testified that he was on a cash on delivery system, not cash on order system, and that the hearsay testimony from Detective Saylor was the only direct evidence of petitioner's intent and was highly prejudicial);

–testimony from prosecution witness Deputy Steve Seng to the effect that the prosecutor, and not Seng, redacted a witness statement from Deputy Seng's report (Doc. 3 at 12-13);

–testimony from victim Larry Turner which contradicted earlier testimony and which contradiction was allegedly reflected in trial counsel's handwritten notes (Doc. 3 at 14);

–petitioner's testimony about his food allergies: omits the phrase "to over fifty different foods" from the phrase "I'm allergic" (Doc. 3 at 15-16) (to support his other testimony that it was hard for him to work during a two week period in December 2003);

–trial counsel's statement that petitioner wrote him a letter about the theft of his tools (Doc. 3 at 17-18) (to support his theory that the theft made it hard to conduct business);

–a "boisterous" missing phrase "OH YEAH!" made by the prosecutor during heated questioning (Doc. 3 at 20);

–a statement from prosecutor Anthony Brock to the effect that petitioner had made some restitution which came out of bond money. (Doc. 3 at 20);

–the trial judge's refusal to share an Indiana probation report with trial counsel or petitioner at sentencing (Doc. 3 at 21); and

post-conviction relief and the alleged omissions and alterations of the record and transcript, concluded that "none of the specific factual claims in the Defendant's affidavits are borne out by the record" and that petitioner "has failed to demonstrate his claim by means of the submitted evidentiary documents." (Doc. 27, Exh. 32 at 3). These findings of fact by the trial judge who presided over petitioner's bench trial, heard the testimony, and reviewed the exhibits, are presumed correct in the absence of clear and convincing evidence to the contrary. 28 U.S.C. § 2254(e)(1); *see McAdoo v. Elo*, 365 F.3d 487, 493-94 (6th Cir. 2004). Petitioner has failed to present clear and convincing evidence persuading the undersigned that the trial judge's findings are incorrect. Rather, he argues that the lack of any "definitive" finding on the part of the trial judge that the transcript of proceedings was accurate "shows the judge was involved at some stage in the state's scheme to falsify the record of the trial and original sentencing." (Doc. 41 at 12). Petitioner's conclusory allegations are insufficient to meet his burden of showing actual prejudice resulting from the alleged constitutional errors.

Moreover, there is strong evidence of petitioner's guilt and a lack of evidence supporting his claim. *Rust*, 17 F.3d at 162. The trial judge determined there was "overwhelming" evidence, both direct and circumstantial, of petitioner's guilt. (Doc. 27, Tr. at 393). A review of the record in this case shows that petitioner was engaged in the selling and fitting of hearing aids during the time period alleged in the indictment and that he did so without being properly licensed. None of the alleged omissions or alterations cited by petitioner in his petition contradict or challenge the evidence supporting the guilty finding on these charges. With respect to the convictions of theft from elderly persons, there is strong evidence showing petitioner visited four elderly persons at their homes and received cash and checks for hearing aids which he failed to deliver to them.

16

The gist of petitioner's defense was that he did not have the requisite intent to defraud these individuals, but that other circumstances, including his health and the theft of his business tools, prevented him from following through on the contracts. The alleged alterations and omissions set forth in the petition, at most, lend circumstantial support to petitioner's defense in this case. Yet, the intent element of the theft offenses rested in large part on a question of petitioner's credibility which the trial judge resolved against petitioner. (Doc. 27, Tr. 393). There was ample evidence from which the trial judge could conclude beyond a reasonable doubt that petitioner had the requisite purpose to deprive these elderly persons of their property by deception under Ohio Rev. Code § 2913.02(A)(3) and (B)(3).

Petitioner has failed to show a reasonable probability that the outcome of his appeal would have been different if the alleged omissions and alterations were included in the record of this case. *Mason*, 320 F.3d at 629. *See also Bransford v. Brown*, 806 F.2d 83, 86 (6th Cir. 1986). Petitioner has failed to satisfy the prejudice element to overcome the procedural default bar in this case.

Nor has petitioner shown that if his claims are not considered on the merits a "fundamental miscarriage of justice" will occur, that is, that the alleged constitutional violations "probably resulted in the conviction of one who is actually innocent" of the crimes charged. *See Murray,* 477 U.S. at 495-96; *see also Schlup v. Delo,* 513 U.S. 298, 327 (1995); *cf. Souter v. Jones,* 395 F.3d 577, 597-602 (6th Cir. 2005). It is well-established that "'[a]ctual innocence' means factual innocence, not mere legal insufficiency." *Carter v. Mitchell*, 443 F.3d 517, 538 (6th Cir. 2006) (citing *Bousley v. United States*, 523 U.S. 614, 623 (1998)). To establish a credible claim of actual innocence, petitioner must "support his allegations of constitutional error

17

–the trial judge's statement, "That doesn't mean this isn't theft." in response to trial counsel's argument on penalties (which petitioner argues shows the trial judge's "strong predisposition towards the petitioner being guilty of theft")(Doc. 3 at 23).

Respondent contends Ground One is procedurally defaulted and waived for purposes of habeas corpus review.

In recognition of the equal obligation of the state courts to protect the constitutional rights of criminal defendants, and in order to prevent needless friction between the state and federal courts, a state defendant with federal constitutional claims must first fairly present those claims to the state courts for consideration before raising them in a federal habeas corpus action. *See* 28 U.S.C. § 2254(b)(1), (c); *see also Anderson v. Harless*, 459 U.S. 4, 6 (1982) (*per curiam*); *Picard v. Connor*, 404 U.S. 270, 275-76 (1971). A constitutional claim for relief must be presented to the state's highest court in order to satisfy the fair presentation requirement. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990); *Leroy v. Marshall*, 757 F.2d 94, 97, 99-100 (6th Cir.), *cert. denied*, 474 U.S. 831 (1985). If the petitioner fails to do so, he may have waived the unraised claims for purposes of federal habeas corpus review. *See Weaver v. Foltz*, 888 F.2d 1097, 1099 (6th Cir. 1989).

The doctrine of procedural default provides:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default, and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Such a default may occur if the state prisoner files an untimely appeal, *Coleman*, 501 U.S. at 750, if he fails to present an issue to a state

11

appellate court at his only opportunity to do so, *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994), or if he fails to comply with a state procedural rule that required him to have done something at trial to preserve his claimed error for appellate review, *e.g.*, to make a contemporaneous objection, or file a motion for a directed verdict. *United States v. Frady*, 456 U.S. 152, 167-69 (1982); *Simpson v. Sparkman*, 94 F.3d 199, 202 (6th Cir. 1996).

Federal courts may not consider "contentions of federal law that are not resolved on the merits in the state proceeding due to petitioner's failure to raise them as required by state procedure." *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977). If petitioner fails to fairly present his claims through the requisite levels of state appellate review to the state's highest court, or commits some other procedural default to preclude review of the merits of petitioner's claims by the state's highest court, and if no avenue of relief remains open or if it would otherwise be futile for petitioner to continue to pursue his claims in the state courts, the claims are subject to dismissal with prejudice as waived. *See O'Sullivan*, 526 U.S. at 847-48; *Harris v. Reed*, 489 U.S. 255, 260-62 (1989); *McBee v. Grant*, 763 F.2d 811, 813 (6th Cir. 1985); *see also Weaver v. Foltz*, 888 F.2d 1097, 1099 (6th Cir. 1989). The Sixth Circuit applies a four-part test to determine if a claim is procedurally defaulted:

(1) the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule; (2) the court must determine whether the state courts actually enforced the state procedural sanction; (3) it must be decided whether the state procedural forfeiture is an adequate and independent state ground upon which the state can rely to foreclose review of a federal constitutional claim; and (4) if the court has determined that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner is required to demonstrate that there was cause for him not to follow the procedural rule and that he was actually prejudiced by the alleged constitutional error.

12

*Buell v. Mitchell*, 274 F.3d 337, 348 (6th Cir. 2001), *cert. denied*, 535 U.S. 1031 (2002) (citing *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986)).

In determining whether a state court rested its holding on a procedural default so as to bar federal habeas review, "the last state court rendering a judgment in the case must have based its judgment on the procedural default." *Simpson v. Jones*, 238 F.3d 399, 406 (6th Cir. 2000) (citing *Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991); *Couch v. Jabe*, 951 F.2d 94, 96 (6th Cir. 1991)). Normally, a federal habeas court will find that a petitioner procedurally defaulted if the last state court rendering a decision makes a plain statement to that effect. *Harris,* 489 U.S. at 261. No such statement is necessary, however, if the petitioner failed to present the relevant issues to the state court. *Id.* at 263 n. 9; s*ee also Teague v. Lane*, 489 U.S. 288, 297-298 (1989) (plurality opinion)("The rule announced in *Harris v. Reed* assumes that a state court has had the opportunity to address a claim that is later raised in a federal habeas proceeding."). In that event, the federal habeas court may hold the claim procedurally defaulted "if it is clear that the state court would hold the claim procedurally barred." *Harris*, 489 U.S. at 263 n.9.

If, because of a procedural default, a petitioner can no longer present his claims to a state court, he has waived them unless he can demonstrate cause for the procedural default and actual prejudice resulting from the alleged constitutional errors, or that failure to consider the claims will result in a "fundamental miscarriage of justice." *Coleman v. Thompson,* 501 U.S. 722, 750 (1991); *see also Murray v. Carrier,* 477 U.S. 478, 485 (1986); *Engle v. Isaac,* 456 U.S. 107, 129 (1982); *Wainwright v. Sykes,* 433 U.S. 72, 87 (1977).

In the instant case, the Court finds that Ground One is procedurally defaulted because petitioner failed to timely appeal this claim, which was asserted in his post-conviction petition, to

13

the Ohio Court of Appeals and his motion for delayed appeal was summarily denied by the appellate court.[3] Under Ohio law, a delayed appeal is not available in civil proceedings. *See* Ohio Rule of Appellate Procedure 5(A). The Supreme Court of Ohio has specifically held that "a delayed appeal pursuant to App. R. 5(A) is not available in the appeal of a post-conviction relief determination . . . [and] that post-conviction relief proceedings will be governed by the Ohio Rules of Appellate Procedure as applicable to civil actions." *State v. Nichols,* 11 Ohio St.3d 40, 43, 463 N.E.2d 375, 378 (1984). Since petitioner failed to timely file an appeal from the trial court's denial of his post-conviction petition and Ohio does not permit delayed appeals from post-conviction relief determinations, the first *Maupin* factor is met as there is a state procedural rule applicable to petitioner's claim. The second *Maupin* factor is satisfied as the Ohio Court of Appeals actually enforced the state procedural rule when it summarily denied petitioner's motion for a delayed appeal. Although the state appellate court did not explain its reasons for denying the motion for delayed appeal, this Court may presume that the state court would not have ignored its own procedural rule disallowing delayed appeals from post-conviction proceedings.

---

[3]Petitioner argues the State should be barred from arguing procedural default because it took "inconsistent" positions before the federal court on his first habeas petition and before the state court of appeals on his motion for delayed appeal. (Doc. 41 at 11). The Court disagrees.

In the federal court, the State argued that the petition for a writ of habeas corpus should be dismissed on exhaustion grounds since petitioner still had an avenue in the state court to appeal the denial of his post-conviction petition. Since the state clerk of court neglected to set forth on the docket that a copy of the trial court's judgment denying the petition for post-conviction relief had been sent to petitioner, his thirty-day appeal time under the Ohio rules of procedure had not yet begun to run and, therefore, petitioner could still file an appeal of the denial of his post-conviction petition by the trial court. (Doc. 27, Exh. 61).

In the state appellate court, the State acknowledged the omission of the docket notation, but argued that thereafter the record reflected that petitioner requested and was sent copies of the judgment on February 7, 2006. As a result, his appeal was due by March 9, 2006. The State argued that petitioner's notice of appeal and motion for delayed appeal which were filed on July 17, 2006, some four months later, were therefore untimely and that the motion for delayed appeal should be denied. (Doc. 27, Exh. 35).

The State's positions were not inconsistent given the change in circumstances once petitioner returned to the state appellate court in an attempt to exhaust his state court remedies.

14

*Simpson v. Sparkman,* 94 F.3d 199, 203 (6th Cir. 1996). The inapplicability of delayed appeals

under Ohio App. R. 5(A) for denials of post-conviction relief is firmly established and regularly

followed by Ohio courts. *See Carley v. Hudson,* 563 F. Supp.2d 760, 776 (N.D. Ohio 2008) (and

cases cited therein). Accordingly, petitioner has procedurally defaulted the claim for relief

asserted in Ground One of the petition.

As "cause" for the default, petitioner asserts the state clerk of court failed to provide him

with timely notice of the trial court's decision on his post-conviction motion so that he could

timely appeal to the Ohio Court of Appeals. (Doc. 3 at 6). Respondent argues that even

assuming petitioner has established cause for the default, he nevertheless fails to show how he

has been prejudiced by the failure to consider this claim.

Petitioner bears the burden of showing he was actually prejudiced by the alleged

omissions and alterations of which he complains. *Rust v. Zent,* 17 F.3d 155, 161-162 (6th Cir.

1994). *See also United States v. Frady,* 456 U.S. 152, 170 (1982) (a petitioner shoulders "the

burden of showing, not merely that the errors at his trial created a *possibility* of prejudice, but

that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of

constitutional dimensions"). Where there is "strong evidence of a petitioner's guilt and a lack of

evidence to support his claim," prejudice is not established. *Rust,* 17 F.3d at 162 (citing Frady,

456 U.S. at 172). Petitioner must show "'a reasonable probability' that the outcome of the trial

would have been different." *Mason v. Mitchell,* 320 F.3d 604, 629 (6th Cir. 2003) (citing

*Strickler v. Greene,* 527 U.S. 263, 289 (1999)).

In this case, petitioner has failed to satisfy the prejudice standard for overcoming his

procedural default. Initially, the Court notes that the state trial court, in reviewing the petition for

15

with new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence–that was not presented at trial." *Schlup,* 513 U.S. at 324. See also *Gulertekin v. Tinnelman-Cooper*, 340 F.3d 415, 427 (6th Cir. 2003). Petitioner has failed to present any new, reliable evidence that was not available at his trial showing he is actually innocent of the crimes for which he was convicted. Rather, the "evidence" he presents is evidence he states was in fact presented at trial, but allegedly omitted from the transcript and record on appeal in this case. Petitioner has failed to show this is the "extraordinary case where a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray,* 477 U.S. at 496. Accordingly, Ground One of the petition is procedurally defaulted and waived for purposes of federal habeas review.

**GROUND TWO: Petitioner was denied the effective assistance of trial counsel, in violation of the Sixth and Fourteenth Amendments to the U.S. Constitution and is confined in violation thereof.**

Ground Two of the petition asserts that trial counsel David McCune was ineffective for failing to object to the use of a presentence investigation report which erroneously stated that petitioner was on probation at the time of the offenses during his first sentencing hearing. (Doc. 3 at 26). This claim should be denied as moot because petitioner's original sentence was reversed by the Ohio Supreme Court and at his new sentencing hearing petitioner through new counsel was granted the opportunity to address any matters related to his sentence.(Doc. 27, Exh. 72, Tr. at 6-12). *See Fredette v. Hemingway*, 65 Fed. Appx. 929, 931 (6th Cir. 2003) (citing *United States Parole Comm'n v. Geraghty,* 445 U.S. 388, 396 (1980); *Powell v. McCormack,* 395 U.S. 486, 496 (1969)). *See also Pruitt v. Wilson*, No. 1:06cv3048, 2008 WL 5378341, at *1 (N.D. Ohio Dec. 19, 2008) (state appellate court's order vacating petitioner's 2004 sentence and remanding for resentencing under *Blakely v. Washington*, 542 U.S. 296 (2004), rendered

petitioner's habeas claim challenging his 2004 sentence moot; present incarceration resulted from sentence imposed in 2008 after remand, and not on original 2004 sentence). Moreover, since petitioner was granted a new sentencing hearing he suffered no prejudice as a result of counsel's alleged failure to object to the use of the presentence investigation report at the original sentencing hearing. Thus, petitioner fails to establish an ineffective assistance of counsel claim. *See Strickland v. Washington,* 466 U.S. 668, 694 (1984). Accordingly, Ground Two of the petition should be denied.

**GROUND THREE: Due to improprieties committed in the clerk's office, petitioner was denied a fair review of his conviction and sentence on post-conviction relief, in violation of his due process and/or equal protection rights under the Fourteenth Amendment; and the state appellate corrective process is inadequate or ineffective to protect his rights.**

Ground Three asserts that petitioner was denied a fair review of his state court post-conviction petition because "a substantial and significant portion of petitioner's petition for post-conviction relief . . . is missing" and that the "state appellate corrective process is inadequate or ineffective to protect his rights."[4] (Doc. 3 at 30).

Petitioner's allegation of error fails to give rise to a cognizable constitutional claim subject to review in this federal habeas proceeding. The Sixth Circuit has held that "habeas corpus is not the proper means by which prisoners should challenge errors or deficiencies in state post-conviction proceedings." *Greer v. Mitchell,* 264 F.3d 663, 681 (6th Cir. 2001) (rejecting as noncognizable in habeas corpus claim that Ohio's post-conviction scheme fails to provide defendants an adequate corrective process for reviewing claims of constitutional violations)

---

[4]This latter claim, that "the state appellate corrective process is inadequate or ineffective to protect petitioner's rights," is included as a claim in the majority of petitioner's grounds for relief. For the sake of brevity, the Court incorporates its reasoning for denying Ground Three of the petition in its denial of all other grounds for relief which raise the claim that "the state appellate corrective process is inadequate or ineffective to protect petitioner's rights."

(citing *Kirby v. Dutton,* 794 F.2d 245 (6th Cir. 1986)), *cert. denied,* 535 U.S. 940 (2002).

Federal habeas review is not available to attack the legality of post-conviction proceedings because such proceedings are not related to a petitioner's detention. *Kirby,* 794 F.2d at 247; *see also Cress v. Palmer,* 484 F.3d 844, 853 (6th Cir. 2007)[5]; *Alley v. Bell,* 307 F.3d 380, 387 (6th Cir. 2002). Petitioner's claim "must directly dispute the fact or duration of the confinement." *Kirby,* 794 F.2d at 248 (citing *Prieser v. Rodriguez,* 411 U.S. 475, 500 (1973)). A ground for relief that challenges the correctness of a state judicial proceeding and does not dispute the detention itself is not cognizable. *See Kirby,* 794 F.2d at 247-48.

Petitioner's claims that his post-conviction relief proceedings were rendered unfair by the omission of exhibits and that "the state appellate corrective process is inadequate or ineffective to protect petitioner's rights" challenge the correctness of the state post-conviction process and not the conviction itself. Allegations of error in this process are not cognizable on federal habeas corpus review. *Kirby,* 794 F.2d at 247-48. Therefore, Ground Three should be denied.

**GROUND FOUR: Petitioner was denied and/or deprived of his appeal as of right on post-conviction in violation of his due process and/or equal protection rights under the Fifth and**

[5] As explained by the *Cress* Court:

> A due process claim related to collateral post-conviction proceedings, even if resolved in a petitioner's favor, would not "result [in] ... release or a reduction in ... time to be served or in any other way affect his detention because we would not be reviewing any matter directly pertaining to his detention." *Kirby,* 794 F.2d at 247. "Though the *ultimate* goal in" a case alleging post-conviction error "is release from confinement, the result of habeas review of the specific issue[ ] ... is not in any way related to the confinement." *Id.* at 248. Accordingly, we have held repeatedly that "the scope of the writ [does not] reach this second tier of complaints about deficiencies in state post-conviction proceedings," noting that "the writ is not the proper means" to challenge "collateral matters" as opposed to "the underlying state conviction giving rise to the prisoner's incarceration." *Id.* at 248, 247; *see also Alley v. Bell,* 307 F.3d 380, 387 (6th Cir. 2002) ("error committed during state post-conviction proceedings can not [*sic*] provide a basis for federal habeas relief" (citing *Kirby,* 794 F.2d at 247)); *Greer v. Mitchell,* 264 F.3d 663, 681 (6th Cir. 2001) ("habeas corpus cannot be used to mount challenges to a state's scheme of post-conviction relief").

484 F.3d at 853.

20

**Fourteenth Amendments to the U.S. Constitution; petitioner was denied and/or deprived of the prisoner right of access to the courts in violation of the First and Fourteenth Amendments to the U.S. Constitution.**

Ground Four of the petition asserts that the clerk of the state common pleas court altered

the appearance docket to erroneously reflect that petitioner had been given proper notice of the

Entry overruling his state court petition for post-conviction relief. (Doc. 3 at 35). Petitioner

argues that as a result of the clerk's actions he was deprived of a timely direct appeal and denied

his right of access to the courts. (Doc. 3 at 35-39).

For the reasons set forth for the denial of Ground Three of the petition, Ground Four of

the petition is not cognizable in habeas corpus and should be denied. *See also Crim v. Money*,

No. 1:05-cv-1465, 2006 WL 2164673, at *5 (N.D. Ohio July 31, 2006) (denying access to the

courts claim as not challenging fact or duration of confinement) (citing *Young v. Martin*, 83 Fed.

Appx. 107, 108-09 (6th Cir. Dec. 05, 2003)).

**GROUND FIVE: The process of petitioner's post-conviction relief investigation and proceedings were fundamentally unfair due to the egregious conduct committed by court appointed counsel on post-conviction, in violation of petitioner's right to equal protection and due process under the Fourteenth Amendment to the U.S. Constitution; and the state appellate corrective process is inadequate or ineffective to protect petitioner's rights.**

For the reasons set forth in regards to Ground Three of the petition, Ground Five of the

petition is not cognizable in habeas corpus and should be denied. To the extent Ground Five also

alleges the ineffective assistance of counsel on post-conviction relief, this ground for relief

should be denied because petitioner has no constitutional right to counsel on post-conviction

relief. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Jacobs v. Mohr*, 265 F.3d 407, 415

(6th Cir. 2001).

**GROUND SIX: The appellate court erred when it failed to take into consideration the**

**statutory mandates of R.C. 4747.13(B), in violation of petitioner's right to due process under the Fourteenth Amendment to the U.S. Constitution, upon motion for reconsideration.**

Ground Six of the petition asserts the Ohio Court of Appeals erred when, on petitioner's motion for reconsideration of the denial of his direct appeal, the court failed to address petitioner's third assignment of error raised in the motion for reconsideration concerning the applicability of Ohio Rev. Code § 4747.13(B) and when the clerk of court failed to timely serve him with the court's decision. (Doc. 3 at 45-46).

To the extent petitioner argues that he was denied due process by the Ohio Court of Appeals' alleged failure to address in writing his third assignment of error raised in his motion for reconsideration, his sixth ground for relief is without merit. The Ohio Court of Appeals addressed and rejected petitioner's argument that the state was required to follow the procedures for a complaint against a licensee outlined in Ohio Rev. Code § 4747.13 (which was the third assignment of error in petitioner's motion for reconsideration) in its initial decision on direct appeal. (Doc. 27, Exh. 14 at 9-10). Petitioner, in his motion for reconsideration, simply attempted to reargue an issue he lost which is an inappropriate basis for a motion for reconsideration. *See State v. Owens*, 112 Ohio App.3d 334, 336, 678 N.E.2d 956, 957 (Ohio App. 11th Dist. 1996) ("An application for reconsideration is not designed for use in instances where a party simply disagrees with the conclusions reached and the logic used by an appellate court. App. R. 26 provides a mechanism by which a party may prevent miscarriages of justice that could arise when an appellate court makes an obvious error or renders an unsupportable decision under the law."). Petitioner has failed to show that he was denied due process by the Court of Appeals' failure to again address in writing an issue already considered and rejected.

22

"In any event, a criminal defendant has no federal constitutional right to a ruling on every assignment of error because there is no general federal constitutional right to any appeal." *McCoy v. Warden, Lebanon Correctional Inst.*, No. 1:07cv018, 2008 WL 207847, at *6 (S.D. Ohio Jan. 24, 2008) (Barrett, J.) (citing *McKane v. Durston*, 153 U.S. 684 (1894) and *Lopez v. Wilson*, 426 F.3d 339, 355 (6th Cir. 2005)). Likewise, petitioner suffered no prejudice as a result of the clerk of court's alleged failure to timely serve him with the Court of Appeals' decision since he was free to raise this particular assignment of error on appeal to the Ohio Supreme Court on his direct appeal. Ground Six is without merit and should be denied.

**GROUND SEVEN: Petitioner was denied the effective assistance of counsel on appeal to the State Supreme Court wherein counsel failed to raise the issue raised on direct appeal [Third Assignment of Error] that the trial court erred in failing to recognize the state was required to pursue remedies against the petitioner in accordance with R.C. 4747.02 et seq., in violation of the Sixth and Fourteenth Amendments to the U.S. Constitution.**

Ground Seven asserts that counsel on appeal to the Ohio Supreme Court failed to raise as a proposition of law that "[t]he trial court erred to the prejudice of defendant-appellant in failing to recognize that the state was required to pursue remedies against the appellant in accordance with RC 4747.02, et. seq.," the third claim of error asserted on direct appeal to the Ohio Court of Appeals. (Doc. 3 at 49, Doc. 27, Exh. 12). Petitioner's ineffective assistance of appellate counsel claim is non-cognizable because petitioner had no right to counsel on discretionary appeal to the Ohio Supreme Court. The constitutional right to appointed counsel extends to the first appeal of right and no further. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Coleman v. Thompson*, 501 U.S. 722, 751-53 (1991). "There can be a constitutional claim of ineffective assistance of counsel only at a stage of the proceedings when there is a right to counsel under the Sixth Amendment." *Smith v. State of Ohio Dept. of Rehabilitation and Corrections*, 463 F.3d 426, 433

(6th Cir. 2006) (citing *Coleman,* 501 U.S. at 752). Therefore, the ineffective assistance of appellate counsel claim raised as Ground Seven of the petition should be denied.

**GROUND EIGHT: The trial court erred in failing to dismiss the R.C. 4747.02 indictments, wherein as a matter of law petitioner could not be convicted of said violations based upon the theft indictments, and appellate counsel and counsel on appeal to the State Supreme Court were ineffective for not raising the issues, in violation of the Sixth and Fourteenth Amendments to the U.S. Constitution. Petitioner's trial was rendered fundamentally unfair due to the theft convictions which were predicated on the same questions of law and fact as the convictions on the hearing aid indictments.**

To the extent Ground Eight raises a claim that petitioner's appellate counsel in the Ohio Supreme Court provided ineffective assistance, this claim should be denied for the reasons set forth for the denial of Ground Seven.

Ground Eight also alleges that the trial court erred in failing to dismiss petitioner's indictment for engaging in a hearing aid business without a license under Ohio Rev. Code 4747.02 because the offense requires the sale of the hearing aid which did not occur in this case. Petitioner failed to raise this claim on direct appeal and has therefore procedurally defaulted the claim. *See Lordi v. Ishee*, 384 F.3d 189, 194 (6th Cir. 2004); *Rust*, 17 F.3d 155, 160-61.

Although petitioner argues that appellate counsel was ineffective for failing to raise this issue on direct appeal, his ineffective assistance of counsel claim cannot serve as cause for his procedural default or as an independent claim for relief because this ground has in itself been procedurally defaulted. *See Edwards v. Carpenter*, 529 U.S. 446, 452-53 (2000). Petitioner raised the ineffective assistance of appellate counsel claim in his Rule 26(B) motion to reopen his direct appeal, but procedurally defaulted this claim when he failed to appeal the denial of his Rule 26(B) motion to the Ohio Supreme Court. Petitioner never filed a notice of appeal from the denial of his motion to reopen and may not now file a delayed appeal under Rule II, Section

24

2(A)(4)(b), Rules of Practice of the Supreme Court of Ohio ("The provision for delayed appeal applies to appeals on the merits and does not apply to appeals involving postconviction relief. . . ."). Therefore, his ineffective assistance of appellate counsel claim cannot serve as cause for his procedural default.

Petitioner again argues that his procedural default should be excused because he is "actually innocent" of the crime of engaging in the hearing aid business without a license. (Doc. 41 at 53). Petitioner contends that the offense requires the *actual* sale of a hearing aid, meaning the actual transference of a hearing aid to the buyer, and the theft indictment established that no sale of a hearing aid ever occurred. *Id*.

Petitioner presents no new evidence of his innocence. *Schlup*, 513 U.S. at 327. Instead, petitioner reiterates the *argument* he made before the trial court on his Rule 29 motion for acquittal (Doc. 27, Tr. 221-222) alleging the "legal insufficiency" of his conviction under Ohio Rev. Code § 4747.02 and not his "factual innocence" on the basis of new, reliable evidence. Absent new evidence of innocence, "even the existence of a concededly meritorious constitutional violation is not in itself sufficient to establish a miscarriage of justice that would allow a habeas court to reach the merits of a barred claim." *Schlup*, 513 U.S. at 316. Since actual innocence requires a showing of factual innocence, and not mere legal insufficiency, *Bousley v. United States*, 523 U.S. 614, 623 (1998), petitioner's argument does not excuse the procedural default of Ground Eight of the petition. Accordingly, Ground Eight of the petition is procedurally defaulted and waived.

**GROUND NINE: As a matter of law the petitioner could not be convicted of the crime of theft by deception and engaging in the hearing aid business without a license based upon the same conduct or act, and appellate counsel on direct appeal was ineffective for not**

**raising the issue, in violation of the Sixth amendment and due process under the Fourteenth Amendment to the U.S. Constitution.**

For the reasons set forth above with respect to Ground Eight of the petition, Ground Nine

of the petition should be denied.

**GROUND TEN: As a matter of law the petitioner could not be convicted of the crime of theft by deception and engaging in the hearing aid business without a license based upon the same conduct or act, and counsel on appeal to the State Supreme Court was ineffective for not raising the ineffectiveness of trial and appellate counsel in failing to raise the issue, in violation of the Sixth Amendment and Fourteenth Amendments to the U.S. Constitution.**

For the reasons set forth above with respect to Ground Seven of the petition, Ground Nine

of the petition should be denied.

**GROUND ELEVEN: The appellate court erred to the substantial prejudice of the appellant-petitioner wherein it failed to consider the requisite culpable mental state of mind for commission of theft, and failed to consider the merits thereof raised upon petitioner's motion for reconsideration, in violation of due process under the Fourteenth Amendment to the U.S. Constitution.**

Petitioner contends the Ohio Court of Appeals erred when it denied his motion for

reconsideration and thereby failed to consider the merits of the issue of culpability presented for

review. (Doc. 3 at 62). The Court of Appeals declined to consider the merits of the culpability

issue because petitioner failed to raise it on appeal. (Doc. 27, Exh. 18). Petitioner disagrees with

the Court of Appeals, stating "the court raised or addressed the issue itself in denying relief on

direct appeal. The court stated in its August 1, 2005 Opinion confirming petitioner's convictions

that the crime of theft was complete once the petitioner deprived the victims of their money by

deception." (Doc. 3 at 62).

If, as petitioner argues, the Ohio Court of Appeals already addressed the culpability issue

on direct appeal, petitioner was not deprived of due process by the Court of Appeals' failure to

26

again address the issue on petitioner's motion for reconsideration. In any event, petitioner's

challenge to the propriety of the proceedings on his motion for reconsideration addresses

collateral matters unrelated to his detention and is not cognizable on habeas corpus review.

*Kirby,* 794 F.2d at 247.

**GROUND TWELVE: Petitioner was denied the effective assistance of counsel on appeal to the State Supreme Court wherein counsel failed to raise petitioner's first assignment of error (2nd issue presented for review) previously raised on direct appeal, in violation of the Sixth Amendment right to effective assistance of counsel and the Fourteenth Amendment right to due process.**

Petitioner's ineffective assistance of appellate counsel claim is non-cognizable because

petitioner had no right to counsel on discretionary appeal to the Ohio Supreme Court. The

constitutional right to appointed counsel extends to the first appeal of right and no further.

*Pennsylvania v. Finley,* 481 U.S. 551, 555 (1987); *Coleman v. Thompson,* 501 U.S. 722, 751-53

(1991). "There can be a constitutional claim of ineffective assistance of counsel only at a stage

of the proceedings when there is a right to counsel under the Sixth Amendment." *Smith v. State*

*of Ohio Dept. of Rehabilitation and Corrections,* 463 F.3d 426, 433 (6th Cir. 2006) (citing

*Coleman,* 501 U.S. at 752). Therefore, the ineffective assistance of appellate counsel claim

raised as Ground Twelve of the petition should be denied.

**GROUND THIRTEEN: Petitioner was denied the effective assistance of counsel on appeal to the State Supreme Court wherein counsel failed to raise petitioner's second assignment of error previously raised on direct appeal of the excessive sentence, in violation of the Sixth, Eighth and Fourteenth Amendments to the U.S. Constitution.**

For the reasons stated with respect to Ground Twelve of the petition, Ground Thirteen of

the petition should be denied as noncognizable.

**GROUND FOURTEEN: Petitioner was denied the effective assistance of appellate counsel wherein counsel failed to challenge and argue the petitioner's denial to a complete and**

**accurate record on appeal in violation of the Sixth and Fourteenth Amendments; and the appellate court erred wherein said appeal was decided on misinformation in the official appeal record, in violation of petitioner's right to due process under the Fourteenth Amendment to the U.S. Constitution.**

Petitioner asserts that appellate counsel was ineffective for failing to argue on direct appeal that petitioner was denied a full record on appeal when a sidebar conference was not recorded and made part of the record on appeal. (Doc. 3 at 71). Petitioner raised his ineffective assistance of appellate counsel claim in his application to reopen the direct appeal under Ohio App. R. 26(B). However, petitioner procedurally defaulted this claim of error when he failed to appeal the denial of his Rule 26(B) application to the Ohio Supreme Court. As discussed above, petitioner has failed to show cause or prejudice excusing the procedural default, or a fundamental miscarriage of justice. Therefore, Ground Fourteen of the petition should be denied.

**GROUND FIFTEEN: Petitioner's trial was fundamentally unfair and the integrity thereof violated by improprieties by the judge (trier of fact) wherein he knowingly allowed the state to engage in a surreptitious sidebar discussion with defense counsel, in violation of the Fourteenth Amendment to the U.S. Constitution. And the state appellate corrective process is inadequate to protect his constitutional rights.**

Ground Fifteen of the petition asserts that the trial transcript at pages 206-207 omits the substance of a sidebar conversation and misidentifies the speakers concerning hearsay testimony given by Detective Lori Saylor. Detective Saylor testified that during a conversation with petitioner's supplier of hearing aids, the supplier informed Detective Saylor that the supplier "had called Mr. Wright and informed him that they needed payment." (Tr. at 206). Defense counsel's hearsay objection was sustained by the trial court. *Id.* At that point, a sidebar conference ensued which, according to petitioner, was not transcribed in full. Following this sidebar, defense counsel withdrew the objection stating, "Your Honor, after I discussed it with

28

Mr. Wright, we've agreed to withdraw the objection." (Tr. at 207, line 10-11).

Petitioner asserts that the sidebar conversation between the prosecutor, defense counsel, and the trial judge raised petitioner's suspicions that something "fishy" was going on. (Doc. 41, Exh. 6, Wright Aff., ¶8). Petitioner states that he testified he was on a cash on delivery system, not a cash on order system, and that the hearsay testimony from Detective Saylor was the only direct evidence of petitioner's intent and was highly prejudicial to his defense.

First, petitioner procedurally defaulted this claim by failing to raise it on direct appeal to the Ohio Court of Appeals. As discussed above, petitioner has failed to show cause or prejudice excusing the procedural default, or a fundamental miscarriage of justice.

Second, petitioner does not dispute that he conferred with his lawyer immediately following the trial court's initial ruling and "assumed he [defense counsel] knew what he was doing" when defense counsel withdrew the objection. (Doc. 41, Exh. 6, Wright Aff., ¶2). By withdrawing the objection, petitioner waived any claim of error as to the admission of the hearsay testimony and cannot now claim the admission of such testimony violated his right to a fair trial.[6]

**GROUND SIXTEEN: Petitioner was denied the effective assistance of appellate counsel, in violation of the Sixth and Fourteenth Amendments; and the state appellate corrective process is ineffective to protect petitioner's rights.**

Petitioner asserts his appellate counsel was ineffective by not challenging the weight and sufficiency of evidence in his direct appeal. Petitioner raised his ineffective assistance of appellate counsel claim in his application to reopen the direct appeal under Ohio App. R. 26(B).

---

[6]Petitioner's claim appears to be one of ineffective assistance of trial counsel, *i.e.*, that counsel was ineffective when he withdrew his objection to the hearsay testimony. This claim is address in Ground Eighteen, infra.

29

However, petitioner procedurally defaulted this claim of error when he failed to appeal the denial of his Rule 26(B) application to the Ohio Supreme Court. As discussed above, petitioner has failed to show cause or prejudice excusing the procedural default, or a fundamental miscarriage of justice. Therefore, Ground Sixteen of the petition should be denied.

**GROUND SEVENTEEN: Petitioner's trial was rendered fundamentally unfair due to improprieties committed by the county public defender's office and prosecutor's office, in violation of the right to due process under the Fourteenth Amendment to the U.S. Constitution; the state appellate corrective process is inadequate to protect his rights.**

Ground Seventeen of the petition asserts that an investigator with the public defender's office improperly passed on information to the state prosecutor which was used against petitioner at his trial. (Doc. 3 at 82-83). Petitioner argues that the information–that the hearing aids were not sent by the hearing aid supplier because payment did not accompany the orders–"could only have been acquired by access to the privileged communications that occurred between petitioner and his counsel." (Doc. 3 at 82). Petitioner asserts that he "uncovered a key phrase 'payment had to accompany the order' in a hearsay statement by Detective Lori Saylor, [which] was verbatim to a phrase in defense counsel attorney-client pretrial notes." *Id.*

Contrary to petitioner's assertion, Detective Saylor's testimony and counsel's notes are not verbatim. (Compare Doc. 3, Exh. 17-C with Tr. 206). Moreover, petitioner fails to explain how this information was somehow within his exclusive knowledge and would not have been uncovered from the hearing aid supplier in any event during the course of the detective's investigation and conversations with the hearing aid supplier.

Petitioner procedurally defaulted this claim when he failed to raise it as a claim of error

on direct appeal or in his petition for post-conviction relief.[7] Petitioner was aware of the alleged impropriety prior to trial and wrote a letter to the trial judge. (Doc. 41, Exh. 30). His failure to present this claim to the state courts and to show cause or prejudice excusing the procedural default or a fundamental miscarriage of justice bars federal habeas review of this claim. Therefore, Ground Seventeen of the petition should be denied.

**GROUND EIGHTEEN: Petitioner's trial was rendered fundamentally unfair and the integrity thereof was violated due to improprieties and misconduct committed by the county public defender's office, in violation the right to due process under the Fourteenth Amendment to the U.S. Constitution and the state appellate corrective process in inadequate or ineffective to protect his constitutional rights.**

Ground Eighteen of the petition essentially asserts an ineffective assistance of trial counsel claim. Petitioner alleges that counsel acquiesced to the introduction of hearsay testimony from Detective Saylor, failed to obtain exculpatory evidence (the identity of the declarant, Billie Howe), and to call favorable witnesses from the hearing aid supplier. (Doc. 3 at 86-88).

Petitioner failed to assert this ground for relief as a claim of error on direct appeal or, to the extent such claim involved evidence outside the record, in his petition for post-conviction relief. Since petitioner was aware of counsel's inactions at the time of trial, he could not meet the statutory requirements for a successive post-conviction petition, *see* footnote 7 *supra*, and therefore has procedurally defaulted Ground Eighteen of the petition. Petitioner has failed to show cause or prejudice excusing the procedural default, or a fundamental miscarriage of justice. Therefore, Ground Eighteen should be dismissed.

---

[7]Petitioner has not shown he would be entitled to file a successive state court post-conviction petition which requires a showing that petitioner was "unavoidably prevented from discovery of the facts upon which he must rely to present the claims for relief," or "the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right," as well as a showing "by clear and convincing evidence that, but for the constitutional error at trial, no reasonable factfinder would have found him guilty of the offense of which he was convicted." Ohio Rev. Code § 2953.23.

31

**GROUND NINETEEN: Petitioner's trial was rendered fundamentally unfair due to the trial court's error in wrongfully admitting inadmissible hearsay evidence, in violation of the confrontation clause of the Sixth Amendment and the Fourteenth Amendment to the U.S. Constitution. And the State appellate corrective process is inadequate or ineffective to protect petitioner's constitutional rights.**

For the reasons set forth for the denial of Ground Fifteen of the petition, Ground Nineteen

should be denied.

**GROUND TWENTY: Petitioner's trial and appeal were rendered fundamentally unfair wherein the State suppressed material evidence favorable to the petitioner, and omitted police testimony concerning the suppressed evidence from the record of the appeal, in violation of the Fourteenth Amendment. Defense counsel engaged in improprieties in the process thereof and failed to obtain witnesses in favor of petitioner, in violation of the Sixth and Fourteenth Amendments.**

Ground Twenty asserts that the state suppressed the identity of the vice president of the

hearing aid supplier, that testimony by Deputy Seng concerning the source of the redacted

witness statement was missing from the transcript, and that defense counsel failed to call the vice

president as a witness at trial.

Petitioner procedurally defaulted these claims because they were not raised on direct

appeal. Also, for the reasons set forth with respect to Grounds One and Eighteen of the petition,

Ground Twenty should be denied.

**GROUND TWENTY-ONE: The trier of fact, ie: the trial judge, pre-judged petitioner's case, and but for the constitutional error no reasonable trier of fact would have found the petitioner guilty, resulting in the fundamental unfairness in the proceedings thereof, in violation of petitioner's right to be tried by an impartial judge and federal constitutional guarantee thereof, and due process and/or equal protection under the Fourteenth Amendment to the U.S. Constitution.**

Ground Twenty-One of the petition alleging judicial bias (Doc. 3 at 102-106) is

procedurally defaulted because petitioner failed to raise this claim in any of his state court filings.

As cause for the default, petitioner alleges he did not have proof supporting his claim until after

32

his post-conviction proceedings had terminated. (Doc. 41 at 66). Yet, petitioner's petition cites numerous instances of what he perceives to be judicial bias occurring during pre-trial and trial proceedings. *See* Doc. 3 at 102, 104, 105-106. He has failed to establish cause, prejudice or actual innocence excusing his procedural default of this claim. Accordingly, Ground Twenty-One is waived for purposes of federal habeas corpus and should be denied.

**GROUND TWENTY-TWO: Petitioner was denied the effective assistance of counsel on appeal to the State Supreme Court wherein it failed to raise as an assignment of error appellate counsel's failure to raise on direct appeal the issue of judicial bias and/or structural error that occurred during petitioner's bench trial, in violation of the Sixth and Fourteenth Amendments; and the state appellate corrective process is inadequate or ineffective to protect petitioner's rights.**

Petitioner's ineffective assistance of appellate counsel claim is non-cognizable because petitioner had no right to counsel on discretionary appeal to the Ohio Supreme Court. *Finley,* 481 U.S. at 555. Therefore, the ineffective assistance of appellate counsel claim raised as Ground Twenty-Two of the petition should be denied.

**GROUND TWENTY-THREE: Petitioner was deprived of and/or denied his right to be free from cruel and unusual punishment (constitutionally cognizable anxiety), in violation of the Eight and Fourteenth Amendments to the U.S. constitution; and the state appellate corrective process is inadequate or ineffective to protect his petitioner's rights.**

Petitioner alleges that he "suffered extremely severe anxiety due to rampant misconduct and corrupt behavior by state and county officials," including state judges, clerk's office personnel, county prosecutors, and defense counsel, among others. (Doc. 3 at 112). He alleges these individuals engaged in a conspiracy and "systematic scheme to interfere with petitioner's collateral attacks on his conviction and sentence, and the direct appeal of his re-sentence." *Id.*

To the extent petitioner alleges he suffered anxiety as a result of the actions of these individuals, such a claim is not cognizable in habeas corpus because it does not challenge the fact

33

or duration of petitioner's confinement. Likewise, petitioner's challenge to the legality of his

post-conviction proceedings as a result of the alleged conspiracy is not cognizable because such

proceedings are not related to a petitioner's detention. *Kirby,* 794 F.2d at 247.[8]  Ground Twenty-

Three should be denied.

**GROUND TWENTY-FOUR:  Petitioner's trial, sentencing and re-sentencing hearings and appeals thereof were fundamentally unfair due to the common practice of the trial court in altering and falsifying the records of criminal proceedings of indigent defendants, and the routine practice of the appellate court in the conivances (sic) thereof, in violation of the right to due process and equal protection under the Fourteenth Amendment to the U.S. Constitution; and the state appellate corrective process is entirely inadequate or ineffective to protect petitioner's rights and the rights of those indigent prisoners similarly situated.**

To the extent petitioner challenges his re-sentencing hearing based on alleged the

alteration and falsification of the state court record, such claim is procedurally defaulted because

petitioner never raised the claim on his direct appeal after re-sentencing.  Ground Twenty-Four is

waived because petitioner has failed to establish cause, prejudice or actual innocence.

Petitioner's remaining claims that he was denied a fair trial, sentence, and appeal due to

the alleged alteration and falsification of the state court record have previously been addressed

and will not be repeated here.  Ground Twenty-Four of the petition should be denied.

**GROUND TWENTY-FIVE:  The Twelfth District Court of Appeals is biased against petitioner, in violation of his due process and/or equal protection right to an impartial judge under the Fourteenth Amendment to the U.S. Constitution; and the state appellate corrective process is inadequate or ineffective to protect petitioner's rights.**

**GROUND TWENTY-SIX:  The indigent imprisoned petitioner was denied his right to an impartial judge/judge panel (State Supreme Court) by its effective denial of petitioner's fundamental prisoner right of access to the courts, substantive due process rights (appeal of right) and equal protection (indigent incarcerated individual similarly situated) in violation**

---

[8]Petitioner's additional claims relating to the alteration of the record and transcript, false entries on the court docket, and ineffective assistance of counsel (Doc. 3 at 112) are dealt with in other parts of this Report and Recommendation and will not be repeated here.

of the First, Fifth and Fourteenth Amendments to the U.S. Constitution; and the state appellate corrective process is inadequate or ineffective to protect those rights.

Ground Twenty-Five of the petition sets forth a chronology of events relating to petitioner's post-conviction and resentencing proceedings and suggests that the Ohio Court of Appeals was biased against petitioner because it denied many of his motions. (Doc. 3 at 120-122). Ground Twenty-Six alleges the "Ohio Supreme Court is biased against indigent incarcerated individuals, i.e., the petitioner" because it summarily denied his post-conviction petition appeal. (Doc. 3 at 125). In his traverse brief, petitioner argues that the Ohio Court of Appeals and Ohio Supreme Court effectively condoned the "subversive" acts of the clerk of court who allegedly failed to notify petitioner of the Ohio Court of Appeals' denial of petitioner's reconsideration motion. (Doc. 41 at 72).

Petitioner's conclusory allegations of bias are insufficient to establish his constitutional claims. "Judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States,* 510 U.S. 540, 555 (1994); *United States v. Grinnell Corp.,* 384 U.S. 563, 583 (1966). In the absence of any evidence showing discriminatory intent on behalf of the Ohio Court of Appeals or Supreme Court of Ohio, Grounds Twenty-Five and Twenty-Six lack merit and should be denied. *See Breeden v. Beightler,* No. 3:06cv3056, 2008 WL 1995367, at *14 (N.D. Ohio May 6, 2008).

**GROUND TWENTY-SEVEN: Petitioner's re-sentencing violates the Ex Post Facto and due process clauses of the U.S. Constitution and petitioner is entitled to minimum concurrent sentences under the Sixth and Fourteenth Amendments and *Blakely v. Washington* (2004), 542 U.S. 296. In the course of the proceedings of the remand for re-sentencing, the re-sentencing and prosecution of the appeal, petitioner was deprived of the Sixth and Fourteenth Amendment right to a speedy trial, his Sixth and Fourteenth Amendment speedy trial rights, his Fourteenth Amendment right to an impartial judge, due process and/or equal protection, his Eighth Amendment right to be free from cruel and**

**unusual punishment; and the state appellate corrective process is ineffective and/or inadequate to protect petitioner's rights.**

On October 25, 2006, the trial court re-sentenced petitioner to consecutive terms of twelve months for each of the four fourth degree felony theft convictions and eleven months for each of the three fifth degree felony theft convictions for an aggregate sentence of six years and nine months. Petitioner was also sentenced to ninety days for each of the four counts of engaging in a hearing aid business without a license, to be served consecutively to each other but concurrently with the theft sentences. Petitioner was sentenced under Ohio's sentencing statute as modified by the Supreme Court of Ohio's decision in *State v. Foster*, 109 Ohio St.3d 1, 845 N.E.2d 470, *cert. denied,* 127 S.Ct. 442 (2006). Petitioner contends the *Foster* decision constitutes a judicial expansion of Ohio's sentencing statute, Ohio Rev. Code § 2929.14(B), in violation of the Ex Post Facto Clause and due process.

In *State v. Foster*, the Supreme Court of Ohio held that several provisions of Ohio's felony sentencing statute were unconstitutional pursuant to the Supreme Court's decision in *Blakely v. Washington*, 542 U.S. 296 (2004). In *Blakely,* the United States Supreme Court determined that an enhanced sentence imposed by a judge under a state's sentencing statute, which was based on facts neither admitted by the defendant nor found by a jury, violated the Sixth Amendment to the United States Constitution. The Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Blakely,* 542 U.S. at 303. Importantly, the *Blakely* Court clarified that "the 'statutory maximum' . . . is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury

36

verdict or admitted by the defendant." *Id.*

The reasoning of *Blakely* was extended by the Supreme Court to the United States Sentencing Guidelines in *United States v. Booker*, 543 U.S. 220 (2005), which held that the Sixth Amendment as construed in *Blakely* applied to the Federal Sentencing guidelines and thus any fact (other than a prior conviction) that increases a defendant's sentence beyond the statutory maximum must be presented to a jury and proved beyond a reasonable doubt. *See Booker*, 543 U.S. at 244. The *Booker* Court held that the Sentencing Guidelines were unconstitutional insofar as they mandated that a defendant's sentence be increased based on facts not found by the jury beyond a reasonable doubt. *Id.* at 243-44. To remedy the Sixth Amendment violation, the Supreme Court severed two sections of the Sentencing Reform Act, effectively making the Sentencing Guidelines advisory. *See id.* at 244-264 (severing and excising 18 U.S.C. § 3553(b)(1) & § 3742(e)).

On February 27, 2006, the Ohio Supreme Court in *State v. Foster*, 109 Ohio St.3d 1, 845 N.E.2d 470 (2006), held that certain provisions of Ohio's sentencing statute were unconstitutional under *Blakely* because they mandated additional judicial fact-finding before the imposition of (1) more than the minimum term for those who have never served a prison term; (2) the maximum prison term; (3) consecutive prison terms; and (4) repeat-violent-offender and major-drug-offender penalty enhancements. *See id.* at 19-25, 845 N.E.2d at 490-94. Noting that the "overriding goals of Ohio's sentencing scheme are to protect the public and punish the offender," and that the Ohio legislature "delegated the role of determining the applicability of sentencing factors to judges rather than to juries to meet these overriding goals," the Supreme Court of Ohio determined as in *Booker* that the proper remedy was to sever the *Blakely*-offending

37

portions of the statutes and grant trial courts "full discretion to impose a prison sentence within the statutory range" without having to make findings or give reasons for imposing maximum, consecutive, or more than minimum sentences. *Id.* at 25-30, 845 N.E.2d at 494-98. Following the severance of the unconstitutional portions, the resulting Ohio sentencing statutes eliminated the presumptions in favor of minimum and concurrent sentences and allowed a court to sentence a defendant to any term within a crime's sentencing range or to consecutive sentences without making findings of fact.

When petitioner was indicted in 2004, Ohio's sentencing statute required the trial judge to "impose the shortest prison term authorized" and concurrent prison terms absent findings to support enhanced or consecutive sentences. *See* Ohio Rev. Code § 2929.14(B)(2), (E)(4). Petitioner's original sentence was reversed by the Ohio Supreme Court and remanded for resentencing pursuant to *Foster*. At the time petitioner was re-sentenced, the trial judge had full discretion to impose any prison sentence within the statutory range and consecutive sentences for any reason or no reason, without having to make findings for imposing more than minimum sentences or consecutive sentences on petitioner. *Foster,* 109 Ohio St.3d at 25-30, 845 N.E.2d at 494-98; *see also Minor v. Wilson,* 213 Fed. Appx. 450, 453 n. 1 (6th Cir. 2007). Nor did the State have any burden "to prove *anything* before the court could select any sentence within the appropriate sentencing range." *Wentling v. Moore*, 2008 WL 2778510, *8 (N.D. Ohio July 14, 2008) (emphasis in the original).

Petitioner's felony four convictions for theft under counts one, two, five and seven of the indictment subjected him to a sentence between six and eighteen months for each of the offenses. *See* Ohio Rev. Code § 2929.14(A)(4). Petitioner was sentenced to a term of imprisonment of

38

twelve months on each offense. Petitioner's felony five convictions for theft under counts three, six and eight of the indictment subjected petitioner to a sentence between six and twelve months on each offense. *See* Ohio Rev. Code § 2929.14(A)(5). Petitioner was sentenced to a term of eleven months on each offense. The trial judge's sentence on each offense was within the statutory range, did not exceed the maximum sentence permitted by the range, and therefore did not violate *Blakely*. Likewise, the trial judge's imposition of consecutive sentences did not violate *Blakely* since the judge had full discretion to impose consecutive sentences without the necessity of any fact-finding.

Petitioner nonetheless argues that the application of the *Foster* sentencing scheme had an impermissible *ex post facto* effect on his sentence. As explained above, pursuant to *Foster*, the sentencing court may impose more than the minimum sentence and consecutive sentences in its discretion without making any findings of fact. 109 Ohio St.3d at 30, 845 N.E.2d 498. Petitioner contends that since the indictment was issued in 2004, prior to the *Foster* decision, he was entitled to be sentenced under the pre-*Foster* sentencing scheme which, under *Blakely*, meant that the "maximum" sentence that he could receive was six months on both the felony four and felony five offenses, and that his sentences were to run concurrent to each other. Petitioner argues that *Foster* resulted in the increase of his sentence from the presumptive concurrent minimum sentences of six months on each conviction without specific findings of fact and constitutes the infliction of a greater punishment than the law allowed for the crimes when they were committed.

Under the Ex Post Facto Clause of the United States Constitution, a state is prohibited from passing a law that (1) "makes an action done before the passing of the law, and which was innocent when done, criminal;" (2) "aggravates a crime, or makes it greater than it was, when

committed;" (3) "changes the punishment, and inflicts a greater punishment, than the law annexed to the crime, when committed;" and (4) "alters the legal rules of evidence, and receives less, or different, testimony, than the law required at the time of the commission of the offense, in order to convict the offender." *Rogers v. Tennessee,* 532 U.S. 451, 456 (2001) (quoting *Calder v. Bull,* 3 U.S. 386, 390 (1798) (Chase, J.)); *see also* U.S. Constit. Art. I, § 10. Ex Post Facto Clause concerns are not triggered in the case-at-hand because "by its very text [the clause] applies only to a limitation on the powers of the legislature and not to judicial decisions." *McGhee v. Konteh,* No. 1:07cv1408, 2008 WL 320763, at *10 (N.D. Ohio Feb. 1, 2008) (unpublished); *see also Rogers,* 532 U.S. at 456, 460 (refusing to extend the strictures of the Ex Post Facto Clause to judicial decisions "through the rubric of due process").

Nevertheless, the Fourteenth Amendment's Due Process Clause does limit *ex post facto* judicial decision-making. *Rogers,* 532 U.S. at 456. Although the Due Process Clause does not incorporate the specific prohibitions of the Ex Post Facto Clause, retroactive judicial decision-making must comport with "core due process concepts of notice, foreseeability, and, in particular, the right to fair warning as those concepts bear on the constitutionality of attaching criminal penalties to what previously had been innocent conduct." *Id.* at 459 (citing *Bouie v. City of Columbia,* 378 U.S. 347, 351, 352, 354-55 (1964)); *see also United States v. Barton,* 455 F.3d 649, 654 (6th Cir.) ("when addressing *ex post facto*-type due process concerns, questions of notice, foreseeability, and fair warning are paramount"), *cert. denied,* 127 S.Ct. 748 (2006).

Here, petitioner is unable to prevail on any claim that he lacked sufficient notice or "fair warning," because *Blakely, Booker,* and *Foster* did not change the elements necessary to convict petitioner of theft from an elderly person or engaging in a hearing aid business without a license,

40

and petitioner was aware of the potential penalties he faced on such charges both before and after *Foster. McGhee, supra,* 2008 WL 320763, at *11. In 2004, when the crimes were committed in this case, the then-applicable provisions of Ohio's sentencing statute provided sufficient notice to petitioner that the trial court had discretion to impose non-minimum and consecutive sentences as long as the court made certain findings consistent with Ohio Rev. Code §2929.14(B). In other words, petitioner was on notice that he faced somewhere between six and eighteen months for the commission of a fourth degree felony and between six and twelve months for the commission of a fifth degree felony, as well as consecutive sentences, so long as the sentencing judge made the requisite findings. Similarly, post-*Foster,* petitioner knew that the trial court retained the discretion to impose sentences within the statutory range of six to eighteen months and six to twelve months respectively, as well as consecutive sentences. Therefore, both before and after *Foster,* petitioner was on notice and thus had "fair warning" of the potential penalties he faced and of the trial court's discretion to impose those penalties. As one Ohio district court reasoned in rejecting an Ohio prisoner's *ex post facto*-type due process claim challenging his re-sentencing under *Foster* to the same maximum prison term that had been imposed pre-*Foster*:

> Prior to *Foster,* the trial court made additional findings of fact consistent with Ohio Revised Code § 2929.14(C) and sentenced Petitioner to the maximum sentence available under Ohio Revised Code § 2929.14(A)(1): ten years. Under constitutional law as Ohio courts interpreted it at the time, Petitioner was not entitled to . . . proof beyond a reasonable doubt as to the additional findings of fact required by Ohio Revised Code § 2929.14(C).
>
> Now, Petitioner alleges that his due process rights were violated because he has a right to . . . proof beyond a reasonable doubt under the new law arising from *Foster.* After *Foster,* the elements of the crime for which Petitioner was charged were unaffected. . . . Further, Petitioner's claim of a right to . . . trial by jury regarding sentencing factors lacks merit because, following *Foster,* the trial judge maintains discretion under Ohio Revised Code § 2929.14(A)(1) to impose a

41

> sentence in the range of three to ten years for a first degree felony based upon
> facts admitted by the defendant or found by a jury. Therefore, the statutory
> maximum for *Apprendi* purposes is ten years, as Petitioner believed it was before
> *Foster*.
>
> Since the *Foster* decision does not change the elements necessary to convict
> Petitioner or the potential maximum sentence that Petitioner faced for a first
> degree felony, *Foster* does not raise an *ex post facto*-type due process violation.
> Moreover, the trial judge's application of *Foster* to Petitioner's case did not
> violate *Apprendi* because he did not sentence Petitioner beyond the statutory
> maximum.

*McGhee, supra,* 2008 WL 320763, at *11.

The Court notes that both the federal district courts and Ohio courts have rejected *ex post*

*facto* challenges to the *Foster* decision. *See, e.g., Rettig v. Jefferys,* 557 F. Supp.2d 830, 841

(N.D. Ohio 2008) (citing Ohio cases); *Hooks v. Sheets,* No. 1:07-cv-520, 2008 WL 4533693

(S.D. Ohio Oct. 3, 2008) (unpublished) (Beckwith, J.); *Collins v. Warden, Chillicothe Corr. Inst.,*

No. 3:06-cv-256, 2008 WL 728390 (S.D. Ohio Mar. 17, 2008) (unpublished) (Rice, J.; Merz,

M.J.).[9] *See also Parker v. Warden,* No. 3:08-cv-322, 2008 WL 4547490 (S.D. Ohio Oct. 10,

2008) (unpublished) (Rice, J.; Merz, M.J.) (finding no merit to *ex post facto* challenge where

crime committed before *Foster*, but sentenced imposed after *Foster* decided). Accordingly, the

undersigned concludes that petitioner's rights under the Constitution's Ex Post Facto and Due

Process Clauses were not violated when the trial court re-sentenced petitioner to the original

sentences imposed.

The remaining claims asserted in Ground Twenty-Seven of the petition–that in his re-

---

[9] The circuit courts have uniformly rejected *ex post facto* challenges to the application of advisory
sentencing guidelines to federal criminal defendants who committed crimes prior to *Booker. See, e.g., United States
v. Barton,* 455 F.3d 649, 653-657 (6th Cir.), *cert. denied,* 127 S.Ct. 748 (2006) (*United States v. Booker,* 543 U.S.
220 (2005), does not violate *ex post facto* ) (and numerous cases cited therein).

sentencing and appeal therefrom petitioner was deprived of his speedy trial rights, right to an

impartial judge, due process, equal protection, and right to be free from cruel and unusual

punishment–are procedurally defaulted because petitioner failed to raise such claims in the direct

appeal of the trial judge's decision after re-sentencing. Petitioner has failed to establish cause,

prejudice, or actual innocence to excuse his procedural default of these claims. Accordingly,

Ground Twenty-Seven of the petition should be denied.

**GROUND TWENTY-EIGHT: The Twelfth Appellate District Court of Appeals is biased against petitioner by reason of the constitutional deprivations and problems encountered with said Court in the course of the filing of the appeal of the re-sentence and the appointment of counsel therefore, in violation of petitioner's right to an impartial administrative judge, judge and/or three judge panel, due process and equal protection under the Fourteenth Amendment to the U.S. Constitution; and the state appellate corrective process is entirely inadequate or ineffective to protect petitioner's rights.**

Ground Twenty-Eight of the petition is without merit for the reasons set forth with

respect to Grounds Twenty-Five and Twenty-Six of the petition. Therefore, Ground Twenty-

Eight should be denied.

**GROUND TWENTY-NINE: Petitioner's present sentence, based upon misinformation, is fundamentally unjust and/or unconstitutional wherein the court, at the original sentencing hearing, erred in denying the petitioner a full opportunity to challenge the inaccuracies contained in the PSR and the erroneous findings the judge made therefrom, and the deviations from the PSR in contradiction thereof and but for said errors there is a reasonable probability petitioner's present sentence would be different, in violation of the Fourteenth Amendment right to due process; and the state appellate corrective process is inadequate or ineffective to protect petitioner's rights.**

To the extent Ground Twenty-Nine reasserts the claim made in Ground Two of the

petition, it should be denied as moot for the reasons previously given. To the extent petitioner

claims the erroneous information in the pre-sentence report violated his rights during re-

sentencing, this claim was not presented as an assignment of error on direct appeal to the Ohio

43

Court of Appeals and is therefore procedurally defaulted. Petitioner has not established cause,

prejudice, or actual innocence to excuse his procedural default of this claim. Therefore,

petitioner has waived Ground Twenty-Nine for purposes of habeas corpus review.

**GROUND THIRTY: Petitioner's re-sentencing hearing was rendered fundamentally unfair and/or unconstitutional due to it being based upon the same misinformation that was used by the judge at the original sentencing hearing, and but for said misinformation petitioner would not have been eligible to be sentenced to prison at his original sentencing hearing and petitioner's imprisonment would have terminated and/or been adjudicated long before the intervening change in the sentencing laws, in violation of the Fourteenth Amendment to the U.S. Constitution and the state appellate corrective process is ineffective or inadequate to protect petitioner's rights.**

Ground Thirty asserts that on re-sentencing the trial judge relied on erroneous information

to find petitioner was on probation at the time the offenses were committed in December 2003

and used such finding to overcome the presumption of community control in lieu of a prison

sentence. (Doc. 3 at 139). While petitioner raised this claim as an assignment of error before the

Ohio Court of Appeals in the direct appeal of his re-sentencing, the state appellate court

determined that petitioner failed to object to the findings at the sentencing hearing and upheld the

findings of the trial court on appeal. (Doc. 27, Exh. 54 at 1). Petitioner failed to raise the issue

before the Ohio Supreme Court on further discretionary review and therefore procedurally

defaulted the claim raised in Ground Thirty of the petition.

As cause for his procedural default, petitioner claims he did not have access to the

transcript on re-sentencing and therefore did not detect the Ohio Court of Appeals' erroneous

finding that his counsel failed to object to the probation finding, when counsel in fact placed an

objection on the record, until it was too late to raise the issue before the Ohio Supreme Court.

(Doc. 41 at 80-81). Assuming, arguendo, that petitioner has cause for the procedural default, his

44

claim is nevertheless without merit.

"[I]t is now clear that the sentencing process, as well as the trial itself, must satisfy the requirements of the Due Process Clause." *Gardner v. Florida,* 430 U.S. 349, 358 (1977). Due process concerns are implicated when a sentencing judge relies on "materially false or unreliable information in sentencing a defendant" which the defendant has not been afforded the opportunity to rebut. *Stewart v. Erwin*, 503 F.3d 488, 495 (6th Cir. 2007) (and cases cited therein) (quoting *United States v. Taylor*, 768 F.2d 114, 121 (6th Cir. 1985)). *See also Townsend v. Burke*, 334 U.S. 736, 741 (1948); *United States v. Tucker,* 404 U.S. 443, 447 (1972)). To establish his due process claim, petitioner must show the information was (1) material, that is, significant, (2) false, and (3) that the sentencing judge relied upon it in imposing sentence. *United States v. Robinson,* 898 F.2d 1111, 1116 (6th Cir. 1990); *Collins v. Buchkoe,* 493 F.2d 343, 345-46 (6th Cir. 1974).

Petitioner fails to establish by clear and convincing evidence that the sentencing judge relied on false information in re-sentencing petitioner to a period of incarceration. At the hearing, petitioner personally argued on his own behalf that he was not on probation at the time of the December 2003 offenses, claiming his probation officer "never started" him on probation or "released" him from probation after he was convicted of check fraud. (Doc. 27, Exh. 72, Tr. 7-8). Petitioner submitted several exhibits in support of his argument, including docket sheets from his previous cases, a transcript from his sentencing hearing on his check fraud conviction in Jefferson County, Indiana, a prison "kite" indicating there were no detainers lodged against him in Jefferson County, Indiana, and an unrelated Jefferson Superior Court order from 2006 referencing petitioner's "closed" criminal cases. (Doc. 27, Exh. 72 and exhibits thereto, Exh. 73,

Exh. 74). The gist of petitioner's argument is that if he had been on probation in Indiana, his Clermont County theft convictions would have triggered a probation violation in the Indiana courts, which did not happen.

The sentencing trial judge, after hearing argument and reviewing the transcript and other exhibits produced by petitioner, concluded that the record did not support the petitioner's contentions. (Doc. 27, Exh. 72, Tr. 16). The sentencing trial judge pointed out that contrary to petitioner's argument, the Indiana court transcript cited by petitioner did not reflect that his probation from his previous hearing aid conviction was over in July 2003 (prior to the thefts in December 2003 underlying petitioner's current convictions). Rather, the transcript reflects that when petitioner asked the Indiana trial judge if his probation was over in July 2003, the judge replied he did not actually know the answer to that question without doing "some degree of research." (Doc. 27, Exh. 72, Jefferson Superior Court transcript at 7). The sentencing trial judge also cited to an Indiana probation department letter outlining petitioner's criminal record in that jurisdiction and the periods of time he was placed on probation. (Doc. 27, Exh. 72, Tr. 17; Doc. 3, Exh. 31-A; Doc. 41, Exh. 37). The trial judge reviewed the previous convictions and explained that even if petitioner's probation for his February 2001 unlawful dispensing of hearing aids case expired in July 2003 as petitioner argued, he had yet another conviction for the unlawful dispensing of a hearing aid case with an attendant six months of probation. Because the probation for this additional conviction extended petitioner's term of probation into February 2004, the judge concluded that petitioner was in fact on probation when he committed the December 2003 thefts. (Id. at Tr. 17-18). The judge also determined that there was no evidence before him showing petitioner's probation was actually terminated and that the probation

46

department evidence clearly showed he was on probation. (Id. at Tr. 18-19).

The undersigned has carefully reviewed the transcript of petitioner's re-sentencing proceeding and the exhibits submitted by petitioner in connection with this proceeding. The Court cannot conclude that petitioner has presented clear and convincing evidence rebutting the presumption of correctness of the state trial judge's factual finding that petitioner was on probation at the time he committed the Clermont County theft offenses. *See* 28 U.S.C. § 2254(e)(1); *see also McAdoo*, 365 F.3d at 493-94. The state trial judge's decision was not based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. Accordingly, Ground Thirty of the petition is without merit and should be denied.

**GROUND THIRTY-ONE: The State of Ohio and the State of Indiana participated in a conspiracy to provide factually inaccurate information for petitioner's PSR and sentencing and but for the said impropriety there is a reasonable probability the Petitioner's original sentence would have been less severe and petitioner's re-sentencing has been rendered fundamentally unfair, in violation of due process under the Fourteenth Amendment to the U.S. Constitution; and the state appellate corrective process is inadequate or ineffective to protect petitioner's rights.**

For the reasons set forth with respect to Ground Thirty of the petition, Ground Thirty-One should be denied.

**GROUND THIRTY-TWO: Petitioner's present sentence is unconstitutional and his sentencing and re-sentencing hearings were fundamentally unfair by reason of the prejudicial acts and statements made by the trial judge in the course of the proceedings thereof and appeal thereof, in violation of his right to an impartial judge and due process and/or equal protection under the Fourteenth Amendment to the U.S. Constitution; and the state appellate corrective process is inadequate or ineffective to protect petitioner's rights.**

Ground Thirty-Two is procedurally defaulted because petitioner never raised a claim of judicial bias on direct appeal to the Ohio Court of Appeals. Petitioner has not established cause, prejudice or actual innocence to justify his procedural default. Therefore, Ground Thirty-Two of

the petition should be denied.

**GROUND THIRTY-THREE:  Petitioner's re-sentencing hearing was rendered fundamentally unfair and integrity thereof violated by the impermissible consideration of evidence outside the record in the original sentencing hearing.  Said evidence was omitted from the transcript of the hearing.  Petitioner's due process rights under the fourteenth Amendment to the U.S. Constitution have been violated; and the state appellate corrective process is inadequate or ineffective e to protect petitioner's rights.**

Ground Thirty-Three alleges that the trial judge impermissibly considered information outside the record in imposing the original sentence.  This information consisted of a conversation between the trial judge and prosecutor concerning a letter petitioner prepared for the pre-sentence report.  Petitioner alleges that such conversation was omitted from the transcript and audio recording.

Ground Thirty-Three is procedurally defaulted because petitioner never raised this claim on direct appeal to the Ohio Court of Appeals.  Petitioner has not established cause, prejudice or actual innocence to justify his procedural default.  Any claim that petitioner did not have evidence to raise this issue on appeal is insufficient because petitioner bases this claim on matters he observed and remembers from the sentencing hearing. (Doc. 3 at 153).  Moreover, any claim of error relating to the original sentencing proceeding has been mooted by petitioner's re-sentencing.  *See* Ground Two, *supra*.  Therefore, Ground Thirty-Three of the petition should be denied.

**GROUND THIRTY-FOUR:  Petitioner's excessive sentence imposed at re-sentencing was disproportionate to the crime committed in view of the gravity of the offense and the harshness of the penalty, sentences imposed on other criminals in the same jurisdiction, and sentences imposed for the commission of the same crime in other jurisdictions, in violation of the Eight Amendment U.S. Constitutional right to he free from cruel and unusual punishment and the Fourteenth Amendment right to due process; and the state appellate corrective process is inadequate or ineffective to protect petitioner's rights.**

Petitioner asserts that the sentence imposed upon re-sentencing was disproportionate to the crime committed in violation of the Eighth Amendment. (Doc. 3 at 156-158). Petitioner failed to raise this claim on direct appeal from his re-sentencing and therefore has procedurally defaulted this claim. To the extent petitioner asserts as cause for the procedural default the ineffective assistance of appellate counsel based on counsel's failure to raise such claim (Doc. 3 at 154), his ineffective assistance of counsel claim cannot serve as cause for his procedural default or as an independent claim for relief because this ground has in itself been procedurally defaulted. *See Edwards*, 529 U.S. at 452-53. Petitioner has failed to establish any other cause, prejudice or actual innocence excusing the default. Therefore, habeas corpus review of Ground Thirty-Four of the petition is waived.

**GROUND THIRTY-FIVE: Petitioner's resentencing hearing was rendered fundamentally unfair due to the improprieties occurring during the transcription of the original sentencing proceedings and resulting lack of a complete record thereof, in violation of petitioner's right to due process under the Fourteenth Amendment to the U.S. Constitution; and the state appellate corrective process is inadequate or ineffective to protect petitioner's rights.**

Ground Thirty-Five of the petition asserts that the transcript and audio of the original sentencing hearing contains alterations and omissions of fact through "collusion of the state and court reporter's office." (Doc. 3 at 161). Petitioner asserts that the prosecutor's statements concerning restitution were omitted from the transcript and that "the judge was involved in the concealment of the restitution the petitioner had paid." *Id.*

This claim is rendered moot by petitioner's re-sentencing hearing, during which petitioner had the opportunity to and in fact did present evidence of restitution paid on his previous convictions. (Doc. 27, Exh. 72 at 6-7, 9). Petitioner's conclusory allegations of collusion are

wholly unsupported by any evidence. In any event, this claim is also procedurally defaulted

because petitioner failed to raise it on direct appeal from the trial court's re-sentencing decision.

He has not established cause, prejudice or actual innocence to excuse the procedural default.

Ground Thirty-Five should be denied.

**GROUND THIRTY-SIX: Petitioner's sentencing and re-sentencing hearings were
fundamentally unfair where upon the judge predicated said sentences on facts that only the
five member panel of the Ohio Hearing Aid Dealers and Fitters Licensing Board had the
special expertise to determine, pursuant to its jurisdictional authority and R.C. 4747.02 et
seq., in violation of the due process and/or equal protection clauses of the Fourteenth
Amendment to the U.S. Constitution; and the state appellate corrective process is
ineffective and/or inadequate to protect petitioner's rights.**

Petitioner failed to raise this claim on direct appeal from either his original or re-

sentencing and therefore has procedurally defaulted this claim. To the extent petitioner asserts as

cause for the procedural default the ineffective assistance of appellate counsel based on counsel's

failure to raise such claim (Doc. 3 at 162), his ineffective assistance of counsel claim cannot

serve as cause for his procedural default or as an independent claim for relief because this ground

has in itself been procedurally defaulted. *See Edwards*, 529 U.S. at 452-53. Petitioner has failed

to establish any other cause, prejudice or actual innocence excusing the default. Therefore,

Ground Thirty-Six of the petition should be denied as procedurally defaulted and waived.

**GROUND THIRTY-SEVEN: The integrity of petitioner's sentencing proceedings and
appeal process has been violated and/or rendered fundamentally unfair due to the
testimonies that were given at trial that are missing from the trial transcript. The missing
facts of the case, relevant to the circumstances of the crime, could not have been considered
on appellate review of petitioner's original sentence nor can the petitioner receive a fair
review of the missing trial proceedings. Petitioner's Fourteenth Amendment right to due
process has been violated; and the state appellate corrective process is inadequate or
ineffective to protect petitioner's rights.**

The claims raised in Ground Thirty-Seven essentially reiterate those raised in Ground

One of the petition. (Doc. 3 at 167-168). For the reasons stated above with respect to the denial of petitioner's first ground for relief, Ground Thirty-Seven should be denied.

To the extent petitioner may be asserting that the lack of an accurate trial transcript compromised the fairness of his re-sentencing, this claim has been procedurally defaulted since it was not raised on direct appeal following petitioner's re-sentencing. Petitioner has failed to establish cause, prejudice or actual innocence excusing the default. Therefore, Ground Thirty-Seven should be denied.

**GROUND THIRTY-EIGHT: Petitioner's sentencing and re-sentencing hearings were fundamentally unfair due to the improprieties occurring during the preparation of the presentence report and the integrity of the proceedings that was violated as a result, in violation of petitioner's due process rights under the Fourteenth Amendment to the U.S. Constitution; and the state appellate corrective process is inadequate or ineffective to protect petitioner's rights.**

To the extent Ground Thirty-Eight reasserts the claim underlying the ineffective assistance of counsel claim made in Ground Two of the petition, it should be denied as moot for the reasons previously given. To the extent petitioner claims information in the pre-sentence report incorrectly reflected a conviction for defrauding a financial institution and violated his rights during re-sentencing (Doc. 3 at 171), this claim was not presented as an assignment of error on direct appeal to the Ohio Court of Appeals and is therefore procedurally defaulted. Petitioner has not established cause, prejudice, or actual innocence to excuse his procedural default of this claim. Therefore, petitioner has waived Ground Thirty-Eight for purposes of habeas corpus review.

**GROUND THIRTY-NINE: Petitioner's re-sentencing hearing was rendered fundamentally unfair wherein at said hearing the judge and state impugned the factual errors made at the original sentencing hearing and failed to conduct an inquiry into the relevant questions of fact raised by the petitioner in violation of the Fourteenth**

51

**Amendment right to due process; and the state appellate corrective process is inadequate or ineffective to protect petitioner's rights.**

Petitioner asserts that the trial judge at re-sentencing failed to conduct an inquiry into petitioner's allegations concerning his criminal history and restitution and improperly rejected petitioner's evidence that he was not on probation. (Doc. 3 at 174). While petitioner challenged the trial court's probation finding on appeal (Doc. 27, Exh. 52), he failed to present the other issues as assignments of error on direct appeal to the Ohio Court of Appeals. In any event, none of these issues were presented to the Ohio Supreme Court on discretionary review. Therefore, Ground Thirty-Nine is procedurally defaulted. Petitioner has not established cause, prejudice, or actual innocence to excuse his procedural default of these claims. Therefore, petitioner has waived Ground Thirty-Nine for purposes of habeas corpus review.

**GROUND FORTY: Petitioner's sentencing and re-sentencing hearings were fundamentally unfair and the appeals thereof by reason of a fraud perpetrated by the State of Ohio against the Clermont County Court of Common Pleas, Clermont County Court of Appeals and the Supreme Court of Ohio, whereupon the state knowingly presented false evidence concerning petitioner's criminal record material to the outcome of the proceedings, in violation of due process under the Fourteenth Amendment to the U.S. Constitution; and the state appellate corrective process is inadequate or ineffective to protect petitioner's rights.**

Ground Forty of the petition challenges the prosecutor's false statement at petitioner's original sentencing hearing that petitioner had been convicted of defrauding a financial institution. Petitioner asserts the prosecutor's action rendered his original and re-sentencing proceedings unfair.

To the extent petitioner challenges his original sentence which was reversed on appeal, his claim is moot for the reasons give with respect to the denial of Ground Two of the petition. To the extent petitioner challenges the re-sentencing proceedings, his prosecutorial misconduct

claim was not presented as an assignment of error on direct appeal to the Ohio Court of Appeals and is therefore procedurally defaulted. Petitioner has not established cause, prejudice, or actual innocence to excuse the procedural default of this claim. Therefore, petitioner has waived Ground Forty for purposes of habeas corpus review.

**GROUND FORTY-ONE: Petitioner's present sentence is fundamentally unjust and/or unconstitutional due to improprieties occurring during petitioner's original sentencing proceedings which resulted in fundamental unfairness thereof, in that petitioner was denied his right to review the full contents of the PSR prior to the original sentencing hearing, in violation of his Fourteenth Amendment right to due process; and the state appellate corrective process is ineffective or inadequate to protect petitioner's rights.**

Ground Forty-One was not presented as an assignment of error on direct appeal to the Ohio Court of Appeals following petitioner's re-sentencing by the trial court and is therefore procedurally defaulted. Petitioner has not established cause, prejudice, or actual innocence to excuse his procedural default of this claim. Therefore, petitioner has waived Ground Forty-One for purposes of habeas corpus review.

**GROUND FORTY-TWO: Petitioner's sentencing and re-sentencing hearings were fundamentally unfair and the appeals thereof by reason of defense counsel's participation in a connivance with the State and court allowing them to present false evidence and make erroneous factual findings without objection or argumentation at petitioner's original sentencing hearing, in violation of the Sixth Amendment right to the effective assistance of counsel and the Fourteenth Amendment right to due process and/or equal protection by reason of petitioner's indigence and the state appellate corrective process is inadequate or ineffective to protect petitioner's rights.**

Ground Forty-Two asserts an ineffective assistance of trial counsel claim alleging that trial counsel David McCune allowed the State to present false evidence concerning petitioner's criminal background at his original sentencing hearing. (Doc. 3 at 183). To the extent petitioner challenges his original sentence which was reversed on appeal, his claim is moot for the reasons given with respect to the denial of Ground Two of the petition. Likewise, petitioner's ineffective

53

assistance of counsel claim should be denied for the reasons given under Ground Two.

To the extent petitioner challenges the fairness of the re-sentencing proceedings, this claim was not presented as an assignment of error on direct appeal to the Ohio Court of Appeals and is therefore procedurally defaulted. Petitioner has not established cause, prejudice, or actual innocence to excuse his procedural default of this claim. Therefore, petitioner has waived Ground Forty-Two for purposes of habeas corpus review.

**GROUND FORTY-THREE: Petitioner's present sentence is fundamentally unjust and/or unconstitutional and his original sentencing proceedings were fundamentally unfair due to a connivance and/or scheme perpetrated by defense counsel against petitioner in deliberately failing to object to an erroneous finding during the original sentencing proceedings, in violation of the Fourteenth Amendment right to due process; and the state appellate corrective process is inadequate or ineffective to protect petitioner's rights.**

Ground Forty-Three should be denied for the reasons given for the denial of Ground Forty-Two of the petition.

**GROUND FORTY-FOUR: The trial judge has a preconceived bias against unlicensed practitioners and/or unlicensed hearing aid dealers which he unleashed on the petitioner in imposing his sentence and re-sentence in violation of his right to an impartial judge, due process and/or equal protection under the Fourteenth Amendment to the U.S. Constitution; and the state appellate corrective process is inadequate or ineffective to protect petitioner's rights.**

Petitioner asserts the trial judge exhibited his bias against petitioner through his various statements during the trial and sentencing proceedings. (Doc. 3 at 189). Ground Forty-Four is procedurally defaulted because petitioner never raised a claim of judicial bias on direct appeal to the Ohio Court of Appeals after his original sentencing or re-sentencing proceeding. Petitioner has not established cause, prejudice or actual innocence to justify his procedural default. Therefore, Ground Forty-Four of the petition should be denied.

**GROUND FORTY-FIVE: The court appointed counsel who had previously provided**

**deficient representation constituting per se ineffective assistance of counsel, was forced upon the indigent petitioner by the courts in violation of his right to the effective assistance of appellate counsel, equal protection, due process and right to an effective and meaningful appeal under the Sixth and Fourteenth Amendments; and the state appellate corrective process is inadequate or ineffective to protect petitioner's rights.**

Ground Forty-Five raises a claim of ineffective assistance of appellate counsel after re-sentencing when the public defender's office failed to file a timely notice of appeal then tried to place the blame on petitioner. (Doc. 3 at 192). Petitioner procedurally defaulted this claim by failing to raise the claim before the Ohio Supreme Court on appeal. In any event, Ground Forty-Five is without merit because petitioner did not suffer prejudice as a result of the allegedly untimely notice of appeal. Petitioner admits he corrected the alleged deficiency by filing his own pro se notice of appeal and motion for delayed appeal which were granted by the Ohio Court of Appeals. (Doc. 3 at 192; Doc. 27, Exh. 46). *See Strickland v. Washington,* 466 U.S. 668, 694 (1984). Accordingly, Ground Forty-Five of the petition should be denied.

**GROUND FORTY-SIX: Petitioner's appeal of his re-sentence was rendered fundamentally unfair and the integrity thereof violated wherein appellate counsel and county officials perpetuated a fraud on the court of appeals, in violation of the Sixth Amendment right to the effective assistance of counsel and the Fourteenth Amendment right to due process and/or equal protection; and the state appellate corrective process is ineffective to protect petitioner's rights.**

Ground Forty-Six asserts that appellate counsel and county officials perpetrated a fraud on the court in petitioner's appeal after re-sentencing. (Doc. 3 at 195-196). Petitioner procedurally defaulted this claim for relief by failing to raise such claim on appeal to the Ohio Supreme Court. Petitioner has failed to establish cause, prejudice, or actual innocence to excuse the default. Accordingly, Ground Forty-Six is waived for purposes of habeas corpus review and should be denied.

55

## IT IS THEREFORE RECOMMENDED THAT:

1. Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 3) should be DENIED with prejudice.

2. A certificate of appealability should not issue with respect to the grounds of the petition which this Court has concluded are waived and thus barred from review on procedural grounds because under the applicable two-part standard enunciated in *Slack v. McDaniel,* 529 U.S. 473, 484-85 (2000), "jurists of reason would not find it debatable whether this Court is correct in its procedural ruling" as required under the first prong of the *Slack* standard.[10] A certificate of appealability should not issue with respect to any other claims alleged in the petition because petitioner has failed to make a substantial showing of the denial of a constitutional right based on the claims alleged therein. *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

3. The Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith" and, therefore, DENY petitioner leave to proceed on appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

Date: 5/14/09
KI

Timothy S. Hogan
United States Magistrate Judge

---

[10] Because this Court finds that petitioner has not met the first prong of the *Slack* standard, it need not address the second prong of *Slack* as to whether "jurists of reason" would find it debatable whether petitioner stated a valid constitutional claim. *See Slack,* 529 U.S. at 484.

56

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

JEFFREY LEN WRIGHT,
    Petitioner,

    vs.

ALAN LAZAROFF,
WARDEN,
    Respondent.

Civil Action No. 1:07-cv-1022

Barrett, J.
Hogan, M.J.

## NOTICE

Attached hereto is a Report and Recommendation issued by the Honorable Timothy S. Hogan, United States Magistrate Judge, in the above-entitled habeas corpus action. Pursuant to Fed. R. Civ. P. 72(b), which may be applied in this action under Rules 1 and 11 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, any party may object to the Magistrate Judge's Report and Recommendation within ten (10) days after being served with a copy thereof. Such party shall file with the Clerk of Court and serve on all other parties written objections to the Report and Recommendation, specifically identifying the portion(s) of the proposed findings, recommendations, or report objected to, together with a memorandum of law setting forth the basis for such objection(s). Any response by an opposing party to the written objections shall be filed within ten (10) days after the opposing party has been served with the objections. *See* Fed. R. Civ. P. 72(b). A party's failure to make objections in accordance with the procedure outlined above may result in a forfeiture of his rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

| SENDER: *COMPLETE THIS SECTION* | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired. <br> ■ Print your name and address on the reverse so that we can return the card to you. <br> ■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature <br> X ☑ Agent ☐ Addressee <br> B. Received by ( *Printed Name* )    C. Date of Delivery |
| 1. Article Addressed to: <br><br> Jeffrey Len Wright A476-665 <br> Pickaway Corr. Inst. <br> 11781 St. Route 762 <br> PO Box 209 <br> Orient, OH 43146 | D. Is delivery address different from item 1? ☐ Yes <br> If YES, enter delivery address below: ☐ No <br><br><br> 3. Service Type <br> ☑ Certified Mail ☐ Express Mail <br> ☐ Registered ☐ Return Receipt for Merchandise <br> ☐ Insured Mail ☐ C.O.D. <br> 4. Restricted Delivery? *(Extra Fee)* ☐ Yes |
| 2. Article Number <br> *(Transfer from service label)* | 7002 3150 0000 8388 4940 |

PS Form 3811, August 2001     Domestic Return Receipt     102595-01-M-2509

1:07cv1022   Doc. 46